**UNITED STATES of America, Plaintiff,**

v.

**Dillard E. KELLEY, Sr., Julius Lamaris Mays, a/k/a Lamaris Mays, a/k/a Spider, Ruby Burgess, Charles Walton and George Ray McCormick, Defendants.**

No. 87–Cr–146.

United States District Court,
E.D. Wisconsin.

Feb. 18, 1988.

Alvin Binder, Jackson, Miss., for defendant Dillard E. Kelley, Sr.

Norman Schatz, Milwaukee, Wis., for defendant Julius Mays.

Willis Swartout, Brookfield, Wis., for defendant Ruby Burgess.

Larry Barber, Milwaukee, Wis., for defendant Charles Walton.

Robert Meyeroff, Milwaukee, Wis., for defendant George Ray McCormick.

Fran Schmitz, Asst. U.S. Atty., Milwaukee, Wis., for Government.

## DECISION AND ORDER

AARON E. GOODSTEIN, United States Magistrate.

On December 1, 1987, a sixteen count indictment was returned against the defendants charging them with a conspiracy to possess and distribute cocaine, possession and distribution of cocaine and the use of a communication facility to cause delivery of cocaine; all in violation of 21 U.S.C. §§ 846, 841(a)(1), 843(b) and 18 U.S.C. § 2. Magistrate Robert L. Bittner conducted separate arraignments at which each defendant entered a plea of not guilty. Defendant Dillard E. Kelley, Sr. is the only defendant presently in custody.

Defendant Kelley is also the only defendant who has filed various pretrial motions. In an attempt to facilitate the resolution of these and additional motions, on January 26, 1988 and February 11, 1988, this court conducted telephone status conferences with counsel for the government and defendant Kelley. Although counsel for defendant Kelley has been granted an extension of time until February 18, 1988 to file certain suppression motions, the pending motions are now fully briefed and ready for resolution. Pursuant to Judge Evans January 22, 1988 order, a scheduling conference to reset the trial date will be held on *February 23, 1988.*

### I. *Motion for Discovery*

■ The defendant has filed a motion for discovery containing 18 separate requests. The government opposes this motion on the grounds that defendant Kelley has failed to comply with Local Rule 6.02, and that the open-file policy obviates the need for the requested discovery.

The pretrial order, a copy of which was distributed to the defendant at the arraignment, provides in part:

1(b) Any *discovery motion* must be accompanied by the statement required by Local Rule 6.02.

Rule 6.02 requires that motions for discovery,

... must be accompanied by a statement in writing by the movant, that, after personal consultation with the opposing party and sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement shall also recite the date, time, and place of such conference and the names of all parties participating therein.

The defendant's discovery motion is not in compliance with this court's standing pretrial order. The defendant argues in his reply memorandum that pretrial discovery is a matter of constitutional right. No one has deprived the defendant of any of his discovery rights. The government has followed its open-file policy and, as such, the defendant has had the opportunity to discover substantiallly more material than is usually obtainable by strict adherence to the Federal Rules of Criminal Procedure. However, to effectuate the open-file policy, there is a concomitant obligation upon defense counsel to look at the government files. After so doing, if he believes that he has not been provided with all of the discovery to which he is entitled, this district's local rules require him to confer with opposing counsel to see if the matter can be resolved short of court intervention. If not, he may bring a motion to compel discovery.

The government's pursuance of its open-file policy, combined with the defendant's failure to confer with counsel for the government require that defendant's motion be denied. *See, United States v. Krenzlok and Freeman,* case no. 87–Cr–74, slip op. at 2 (E.D. Wis. September 17, 1987); *United States v. Delgado, et al.,* case no. 87–Cr–80, slip op. at 3 (E.D. Wis. October 2, 1987); *United States v. Dougherty and Conner,* case no. 85–Cr–176, slip op. at 7 (E.D. Wis. October 5, 1987).

Accordingly, the defendant's motion is denied.

### II. *Motion for Notice of Intent to Use Evidence Arguably Subject to Suppression*

■ Defendant Kelley seeks "an order directing the government to make inquiry

and to serve and file specific written notice" of any evidence that the government "intends, contemplates or considers" using in its case in chief, or in rebuttal or otherwise, that might arguably be subject to a motion to suppress "at the instance of any persons." In support of his position, the defendant relies on Fed.R.Crim.P. 12(d) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The government opposes this motion on two grounds. First, that it has no duty to search for and reveal all information that might be subject to suppression. Second, that it has been following its open-file policy, thereby exceeding the requirements of Fed.R.Crim.P. 16 and obviating the need for additional relief under Fed.R.Crim.P. 12.

Fed.R.Crim.P. 12(d) provides in part:

At the arraignment or as soon thereafter as is practicable the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule, request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may been entitled to discover under Rule 16 ...

In this case, the government's response does not fulfill the requirements of Rule 12(d) since the defendant is still "left in the dark" as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial. The open-file policy does not particularize this evidence. While the defendant's motion exceeds the parameters of Rule 16 (e.g. "arguably be subject to a motion to suppress at the instance of any persons") he is still entitled to relief under Rule 12(d). Accordingly, the defendant's motion shall be granted, but limited to the scope of Rules 12(d) and 16.

### III. *Amended Motion for Bill of Particulars*

In this motion the defendant seeks particulars with respect to the man-

ner in which he allegedly possessed with the intent to deliver and distribute cocaine. The government opposes this motion.

The purpose of a bill of particulars is three-fold: to provide the defendant with additional facts necessary to prepare a proper defense, to avoid prejudicial surprise at trial, and to protect a defendant from possible double jeopardy. *United States v. Climatemp*, 482 F.Supp. 376, 389 (N.D.Ill.1979) *aff'd*, 705 F.2d 461 (7th Cir.), *cert. denied* 462 U.S. 1134, 103 S.Ct. 3116, 77 L.Ed.2d 1370 (1983). A bill of particulars is not to be used as substitute for discovery. It is well established that treatment of a motion for a bill of particulars lies within the discretion of the trial court. *United States v. Elliott*, 771 F.2d 1046, 1051 (7th Cir.1985).

The test for determining whether a bill of particulars is needed is "whether the indictment ... sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Serola*, 767 F.2d 364, 370 (7th Cir.1985). A defendant is not entitled to relief under a bill of particulars if from reading the indictment, he may reasonably anticipate the evidence to be introduced at trial. *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985). The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981), *cert. denied*, 445 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982).

The present indictment charges Kelley, in addition to a conspiracy count, 21 U.S.C. § 846 (count 1), with three specific illegal deliveries of cocaine in violation of 21 U.S.C. § 841(a)(1) (counts 2, 4, 6) and with three separate telephone calls to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b) (counts 3, 5, 11). The indictment sets forth the dates during which the conspiracy is alleged to have taken place and its location. Under 21 U.S.C. § 846, the government is not required to identify all overt acts in furtherance of the

conspiracy. *United States v. Umentum,* 547 F.2d 987 (7th Cir.1976), *cert. denied,* 430 U.S. 983, 97 S.Ct. 1677, 52 L.Ed.2d 376 (1978).

As to the substantive counts, the indictment specifies the date, location and approximate weight of the substances for each of the distribution counts under § 841(a)(1). The indictment also identifies the date, time and location of each telephone call charged under § 843(b). The indictment provides the defendant with adequate notice of the charges and an opportunity to provide a defense. The defendant's request merely seeks evidentiary detail which the government will be required to prove at trial. *See United States v. Herro, et al.,* case no. 87–Cr–63, slip op. at 4 (E.D. Wis. September 21, 1987).

Accordingly, the defendant's motion is denied.

### IV. *Motion to Retain Rough Notes*

■ The defendant's motion seeks an order from this court to require all government agents involved in the prosecution and investigation of this case to retain and preserve all rough notes. The government indicates that it will require its agents to retain such materials that would be subject to disclosure under 18 U.S.C. § 3500. The defendant replies that he is entitled to all rough notes "which are necessary to the preparation of his defense." The defendant furnishes no authority to support this broad request.

The defendant's motion will be deemed moot as to the Jencks Act notes and denied as to the rest.

### V. *Motion for the Court to Conduct In Camera Inspection of all Prosecution's File for all Material Favorable to Defendant*

■ The defendant has moved for the court to conduct an *in camera* inspection of the government's file for material favorable to his defense and to include a copy of the entire file as a sealed appendix to the record of the trial. The government opposes this motion.

The defendant has failed to cite any authority for his request that the court become a participant in the pretrial discovery in this case. This circuit's own position on a similar request is to the contrary. See *United States v. Andrus,* 775 F.2d 825, 843 (7th Cir.1985). The government has been pursuing its open-file policy and acknowledges its continuing duty under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Based on this representation and the lack of any showing of government noncompliance, the defendant's motion will be denied.

### VI. *Motion for Pretrial Disclosure of Jury List*

■ In this motion, the defendant seeks from this court to disclose the names of potential jurors ten days before trial. The government opposes this motion.

As noted by the government, and acknowledged by defendant, Local Rule 8.02 provides that jury qualification questionnaires be made available for inspection in the office of the Clerk at any time after the jury panel has been notified to appear. This procedure governs the situation. Therefore, defendant's motion is denied.

### VII. *Motion To Transcribe Grand Jury Minutes*

■ Defendant Kelley seeks an order from this court to have the government transcribe minutes and proceedings before the grand jury so that they are available if the court rules that they are to be produced for his inspection and use. The government contends that this request is premature since there is no pending motion for the disclosure of grand jury proceedings.

This court concurs with the government's logical position and, in the absence of any compelling reason to order that the grand jury minutes be transcribed, the defendant's motion is denied.

### VIII. *Motion for Sample of Alleged Controlled Substances*

■ In this motion, defendant Kelley moves the court for an order permitting him to conduct independent chemical analy-

sis of any alleged controlled substances that the government intends to offer into evidence. The government does not object to this motion and recognizes that this request is consistent with the purpose of Rule 16(a)(1)(C). The government requests that such testing be subject to a protective order pursuant to Fed.R.Crim.P. 16(d)(1), establishing four specific conditions. Since the defendant states that he has no objections to these conditions, the defendant's motion shall be granted on the four conditions set forth in the government's responsive memorandum at pages 14 and 15.

IX. *Motion to Produce Jenks Act Statements*

■ Defendant Kelley seeks disclosure, ten days prior to trial, of all prior statements made by government witnesses pursuant to the Jencks Act, 18 U.S.C. § 3500. The government opposes this motion since it has been pursuing its open-file policy which makes all such material available to the defendant at any time.

The government's position is correct as far as it goes. However, under 18 U.S.C. § 3500(e)(3), a "statement" includes the witness' testimony before the grand jury. There has been no showing that this material is contained in the government's "open file."

The defendant's motion is granted, and all Jencks Act material shall be made available to defendant at least 24 hours prior to trial, which is the usual approach in this district.

X. *Motion for Notice by the Government of the Intention to Rely Upon Other Crimes Evidence*

■ The defendant seeks an order requiring the government to give written notice of its intention to use evidence of "other crimes, wrongs or acts" in either the case-in-chief or rebuttal, as substantive evidence or for impeachment should the defendant testify. The government opposes this motion.

This court has rejected similar requests on the ground that the "defendant is not entitled to know the manner in which the prosecution intends to use evidentiary materials to which he has been given access under the open-file policy." *See United States v. Glaspy, et al.,* case no. 87–Cr–62 (E.D. Wis. July 24, 1987); *United States v. Maierhafer,* case no. 87–Cr–46 (E.D. Wis. July 13, 1987); and *United States v. Pieper,* case no. 86–Cr–98 (E.D. Wis. November 21, 1986).

Notwithstanding the defendant's professed desire to resolve these evidentiary matters by motions in limine, this issue of admissibility of evidence can be more appropriately raised at trial where the findings of relevance and probative value versus prejudice are better addressed. Therefore, the defendant's motion will be denied without prejudice.

XI. *Motion for Search and Disclosure of Electronic Surveillance*

■ The defendant's motion seeks a court order compelling the government to disclose various records containing the defendant's voice obtained during the course of the investigation, both consensually and non-consensually, as well as any applications and supporting documents seeking approval for electronic surveillance. The defendant also seeks a court order requiring the government to check with federal, state and local agencies to determine if there has been any additional electronic surveillance.

The government notes that any and all electronic surveillance evidence which will be introduced at trial will be or is available to the defendant pursuant to the open-file policy. The government indicates that it will inquire as to whether any additional surveillance was conducted.

Based on the government's response, the defendant's motion shall be denied. Finally, the defendant's request to reserve the right to file a suppression motion concerning tape recordings until it receives from the government appropriate "regulations or standards" of the F.B.I. governing consensual recordings is also denied. This broad request ostensibly covers materials

that are readily available to the public, and also internal documents. The defendant has access to the former, and has failed to establish any particularized need to obtain the latter.

### XII. Motion for Disclosure of Informants and Motion to Reveal Information

■■■ In these two related motions, the defendant seeks the identity of any informants, a statement of whether the government plans to call such informants as witnesses, the names and addresses of all other witnesses to events comprising the basis for probable cause to arrest or search, the existence and nature of any agreements with informants and other related information pertaining to informants.

The government indicates that consistent with the practice in this district, it will provide the names of testifying informants in a witness list prior to trial. Also, the government acknowledges that it will provide to defendant the past criminal records and agreements with the government, if any, of these informants.

The defendant replies that this is not sufficient, and that he is entitled to know the identity of all of the government's informants, citing *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). With respect to non-testifying informants the defendant has not met his burden to show the necessity of disclosure. *United States v. Alvarez,* 469 F.2d 1065, 1066 (9th Cir.1972). The government's approach is consistent with *Roviaro* and the approach followed both in this circuit and district. *See United States v. Fakhoury,* 819 F.2d 1415 (7th Cir.1987); *United States v. Andrus,* 775 F.2d 825 (7th Cir.1985); *United States v. Delgado et al.,* case no. 87–Cr–80 slip op. 7–9 (E.D. Wis., October 2, 1987); *United States v. De La Cruz,* case no. 85–Cr–116 slip op. 4–7 (E.D. Wis. April 25, 1987). Therefore, the defendant's motion shall be denied.

### XIII. Motion for Relief from Prejudicial Joinder

■■■ The defendant has filed a motion for relief from prejudicial joinder seeking separate trials on count 1, counts 2 and 10; counts 3, 5, and 11; and count 4. In support of his motion, the defendant contends that these charges are "not based on the same act or transaction; nor are they based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." The government opposes this motion.

The starting point for the resolution of this motion is Rule 8, Fed.R.Crim.P., which governs joinder of offenses and defendants. Rule 8(a) allows the government to charge in the same indictment two or more offenses by the same defendant if the offenses "are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8(b) allows charging in the same indictment two or more offenders "if they are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses." However, the government may not tack the two subsections together and in one indictment charge different persons with committing offenses of similar character. *United States v. Velasquez,* 772 F.2d 1348, 1352 (7th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1966).

In the present case, under Rule 8(a), the government has properly joined all counts in one indictment. The possession, distribution and telephone charges all are related to one scheme—the sale of cocaine. The same conclusion is arrived with respect to joinder of defendants under Rule 8(b).

This circuit has recently rejected a similar challenge to joinder in *United States v. Garner, et al.,* 837 F.2d 1404, 1410 (7th Cir.1987) where the court set out the standard for joinder.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, joinder of defendants is appropriate if "they are alleged to have participated in the same act or transaction or in the same series of acts

or transactions constituting an offense or offenses." It is well-established that a conspiracy charge is a proper basis for joinder under Rule 8(b). *United States v. Dounias,* 777 F.2d 346, 348 (7th Cir. 1985). Rule 8(b) only requires that the conspiracy be alleged-there is no requirement that the government demonstrate, at the pleading stage, sufficient evidence to support joinder. *United States v. Bruun,* 809 F.2d 397, 406 (7th Cir.1987) ("Proper joinder is determined from the face of the indictment.").

The meaning ascribed to the phrase "same series of acts or transactions" has been noted by this circuit as "acts or transactions that are pursuant to a common plan or scheme." *United States v. Velasquez,* 772 F.2d at 1353.

All of the substantive offenses alleged in counts 2 through 16 are overt acts committed within the period of the conspiracy alleged in count 1 of the indictment. All sixteen of these counts refer to the sale and distribution of cocaine and therefore constitute the "same series of acts or transactions."

Therefore, defendant's motion shall be denied.

### XIV. *Motion to Sever*

■■■■ In this motion the defendant contends that his case should be severed from those of the other defendants, and that he should be tried alone and subsequent to the trial of the others. The defendant maintains that his defense is inconsistent or antagonistic as to other defendants and that his co-defendants will, in a joint trial, attempt to prove the guilt of each other through irreconcilable and mutually exclusive defenses.

The decision whether to grant a motion for severance under Rule 14 is left to the trial court's discretion and will not be disturbed on appeal absent an abuse of discretion. *United States v. Garner, et al,* at 1413; *United States v. Cirrincione,* 780 F.2d 620, 632 (7th Cir.1985). The reason for such deference is that where joinder is proper under Rule 8, there are substantial economies to be gained from a joint trial.

*United States v. Velasquez,* 772 F.2d at 1353. The general rule is that persons jointly indicted together be tried together, especially in conspiracy cases. *United States v. Giangrosso,* 779 F.2d 376, 379 (7th Cir.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986).

In *United States v. Oglesby,* 764 F.2d 1273, 1276 (7th Cir.1985), the court listed four instances where severance under Rule 14 might be warranted.

1. Antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive.

2. A massive and complex quantity of evidence making it almost impossible for the jury to separate evidence as it relates to each defendant when determining each defendant's innocence or guilt.

3. A co-defendant's statement inculpating the moving defendant.

4. Gross disparity in the weight of the evidence against the defendants.

In the present case, the defendant seeks to invoke the first reason in support of his motion. In this instance, the defendant has merely alleged "antagonistic defenses" and has not demonstrated to this court by affidavit or otherwise that such testimony would be actually irreconcilable. Without some specific offer of proof the defendant has not made a sufficient showing to justify severance. Accordingly, his motion will be denied without prejudice.

### XV. *Motion to Suppress Evidence*

In this motion, the defendant seeks pursuant to Fed.R.Crim.P. 12(d)(2) to suppress any and all evidence seized from his possession or control by the government or its agents. He also seeks to reserve his right to file a suppression motion until after receiving and reviewing certain materials relating to electronic surveillance.

Pursuant to the telephone status conference this court held on February 11, 1988, defense counsel will be given until February 18, 1988 to file any formal motion to suppress. Therefore, his present motion is denied, but without prejudice.

XVI. *Motion to Exclude Evidence of Prior Convictions*

On February 16, 1988, and in accordance with the February 11, 1988 telephone status conference, the defendant filed a motion to exclude evidence of prior convictions. The government has not as yet responded.

This is a typical motion reserved for the trial court's discretion. It will be the trial court's duty to consider this motion under Fed.R.Evid.P. 609(a). Accordingly, his motion is denied, but without prejudice.

IT IS THEREFORE ORDERED that defendant Kelley's

1. Motion for discovery is DENIED.

2. Motion for notice of intent to use evidence arguably subject to suppression is GRANTED, but limited to the scope of Rules 12(d) and 16, Fed.R.Crim.P.

3. Motion for bill of particulars is DENIED.

4. Motion to retain rough notes is DENIED.

5. Motion for the court to conduct *in camera* inspection of all prosecution's file for all material favorable to defendant is DENIED.

6. Motion for pretrial disclosure of jury list is DENIED.

7. Motion to transcribe grand jury minutes is DENIED.

8. Motion for sample of alleged controlled substance is GRANTED upon the conditions agreed upon by the parties.

9. Motion to produce Jencks Act statements is GRANTED, and said materials are to be made available to defendant at least 24 hours prior to trial.

10. Motion for notice by the government of the intention to rely upon other crimes evidence is DENIED without prejudice.

11. Motion for search and disclosure of electronic surveillance is DENIED.

12. Motion for disclosure of informants is DENIED.

13. Motion to reveal information is DENIED.

14. Motion for relief from prejudicial joinder is DENIED.

15. Motion for severance is DENIED without prejudice.

16. Motion to suppress is DENIED without prejudice.

17. Motion to exclude evidence of prior convictions is DENIED without prejudice.