**UNITED STATES of America, Plaintiff,**

v.

**Robert E. LYNCH, and Donald P. Brown, a/k/a "Al Ross", Defendants.**

**No. 87–CR–111.**

United States District Court, E.D. Wisconsin.

Feb. 26, 1988.

Francis D. Schmitz, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

William Coffey, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, Chief Judge.

### I.

Defendants Robert E. Lynch and Donald Brown were charged in an 11–count indictment returned by a grand jury on September 22, 1987. The indictment alleges wire fraud and making false statements to a federally insured bank. Defendants made initial appearances before a United States Magistrate on October 16, 1987, where pleas of "not guilty" were entered. In a *Decision and Order* dated November 4, 1987, the Court granted motions by defendant Lynch for an extension of time to file pretrial motions and a continuance of the trial date. Pretrial motions were to be filed by November 2, 1987. Trial was set for March 1, 1988.

On January 28, 1988, United States Magistrate Robert L. Bittner issued a *Magistrate's Recommendation To The Honorable Robert W. Warren and Order*, which resolved certain pretrial motions. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and Local Rule 13.03 (E.D.Wis.), written objections to the Magistrate's decision were to be filed with the Clerk of Court within 10 days of the decision. No objections were filed within those 10 days.

The United States, however, did respond within those 10 days with additional motions. On February 5, 1988, the government filed a Motion for Production of Exemplars of Handprinting and Handwriting and a Motion for Discovery. The latter motion was directed to Defendant Brown only and sought access to "... all books, papers, statements, documents, photographs and tangible objects which are within the possession, custody and control of the defendant, Donald P. Brown, and which the defendant intends to introduce as evidence at the trial...." No explanation was given in either motion as to why the motions were not timely filed with the Magistrate nor was a statement given in accordance with Local Rule 6.02, which is incorporated into the standing pretrial order of the Magistrate.

No response to the government's motions was filed by defendant Brown. On February 10, 1988, though, defendant Brown filed several motions of his own. He moved for a three-month continuance of the trial date, for a dismissal of the alias in the indictment and for a severance of defendants. No explanation was given for the untimeliness of the motions. The government filed a response to the motions on February 22, 1988, opposing the motions for dismissal of the alias and severance of defendants and opposing anything more than a 45 to 60 day delay in trial.

The Court notes that this case also was affected by the untimely death of Attorney William Coffey, who represented defendant Lynch.

### II.

■ The government's motions for production of exemplars and other discovery and defendant Brown's motions to dismiss the alias and to sever will be summarily denied without prejudice. It has been the continuing practice of this District to require strict compliance with the standing pretrial order and Local Rule 6.02. See, for example, *United States v. Molinaro, et*

*al.*, 683 F.Supp. 205, 210 (E.D.Wis.1988); *United States v. Herrero, et al.*, 87–CR–63, Slip Op. at 9–10 (E.D.Wis., Dec. 23, 1987) [available on WESTLAW, 1987 WL 45529]. The parties may refile their respective motions if they can show compliance with the standing pretrial order or if they can explain their failure to timely file the pretrial motions with the Magistrate.

### III.

■ The Court feels that it is imperative to resolve the motion for a continuance, if for no other reason than Attorney Coffey's death. Furthermore, in the Court's November 4, 1987, decision, the Court recognized the complexity of this case and the almost 300 pages of discovery material. Defendant Brown's motion for a continuance reiterates those factors. The government's opposition states that it believes an extension is necessary, but that a delay of more than 45 to 60 days would needlessly prolong the case.

The Court will grant the motion for a continuance for a period of approximately 60 days. An exact date will be set at the final pretrial conference, which is scheduled for Tuesday, March 1, 1988 at 9:00 a.m.

### IV.

Based on the decision above, the Court hereby:

1. DENIES without prejudice the government's motion for handprinting and handwriting exemplars and the motion for discovery;

2. DENIES without prejudice defendant Brown's motion to dismiss the alias and motion to sever;

3. GRANTS defendant Brown's motion for a continuance.