**UNITED STATES of America, Plaintiff,**

v.

**Michael MOLINARO, Linda J. Molinaro, and Richard Molinaro, Defendants.**

**No. 87–CR–90.**

United States District Court, E.D. Wisconsin.

March 14, 1988.

Jeff Wagner and Joseph Wall, Asst. U.S. Attys., Milwaukee, Wis., for plaintiff.

Robert W. Crawford, Milwaukee, Wis., for defendant Richard Molinaro.

Robert W. Pledl, Courtney, Pledl & Molter, Milwaukee, Wis., for defendant Linda J. Molinaro.

Robert G. LaBell, Milwaukee, Wis., for defendant Michael Molinaro.

## DECISION AND ORDER

WARREN, Chief Judge.

This case presents the Court with several recurring problems involving the filing of pretrial motions in criminal cases. With the issuing of this decision, the Court resolves the disputes at hand and alerts members of the District's criminal bar as to the expectations of this Court in the filing of similar motions. In particular, the Court explicitly sets forth its requirements for the filing of pretrial motions in accordance with the District's standing *Pretrial Order.*

### I. BACKGROUND

Defendants Michael Molinaro, Linda J. Molinaro and Richard Molinaro were named in each count of a two-count indictment returned August 11, 1987, by a federal grand jury sitting for the Eastern District of Wisconsin. Count one charged defendants with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. Count two charged them with possession of, with intent to distribute, cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. All three defendants were arraigned on August 14, 1987, and entered pleas of "not guilty." Pursuant to the standard procedures of this District, the parties were instructed to file any pretrial motions with the assigned magistrate by a certain date—

in this case, August 24, 1987. The parties also were instructed to file any motions in accordance with the District's standing *Pretrial Order* for criminal cases. The *Pretrial Order* states, in part:

> Any *discovery motion* must be accompanied by the statement required by Local Rule 6.02.

Pretrial Order, at ¶ 1.a. (Emphasis in original) Local Rule 6.02 (E.D.Wis.) states, in part:

> All motions for discovery and production of documents ... must be accompanied by a statement in writing by the movant that, after personal consultation with the opposing party and sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement shall also recite the date, time, and place of such conference and the names of all parties participating therein.

United States Magistrate Aaron E. Goodstein resolved the pretrial motions in this case in a September 22, 1987 *Scheduling Order*[1] and a November 17, 1987 *Magistrate's Decision and Recommendation to the Honorable Robert W. Warren.*[2] Under Local Rule 13.02(b) and 28 U.S.C. § 636(b)(1)(A),[3] the defendants submitted to this Court timely appeals to certain non-dispositive orders contained in the Magistrate's decisions. The defendants also filed timely objections under Local Rule 13.03(c) and 28 U.S.C. § 636(b)(1)(B) and (C)[4] to the Magistrate's recommendations on certain dispositive motions.

In a *Decision and Order* dated January 15, 1988,[5] the Court resolved defendants' appeals and objections. Among the holdings of the Court were the following:

1. Defendants were not entitled to an evidentiary hearing on whether the conduct and testimony of a United States ("government") informant violated or would violate the due process rights of defendants. Under *United States v. Fallon*, 776 F.2d 727, 733–34 (7th Cir. 1985), a defendant's due process rights are adequately protected from alleged misconduct of the informant by (a) informing the jury of the terms of the informant's agreement with the government, (b) subjecting the informant to rigorous cross-examination, and (c) properly instructing the jury.

2. The work of an informant on unrelated cases, standing alone, does not meet the materiality requirement for a discovery request under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.

---

1. *United States v. Molinaro, et al.*, Case No. 87–CR–90, Slip Op. (E.D.Wis. Sept. 22, 1987).

2. *United States v. Molinaro, et al.*, Case No. 87–CR–90, Slip Op. (E.D.Wis. Nov. 17, 1987) (hereinafter cited as *"Magistrate's Decision and Recommendation"*).

3. Local Rule 13.02(b) reads:
 Any party may appeal from a magistrate's determination made under this rule within ten (10) days after issuance of the magistrate's order unless a different time is prescribed by the magistrate or judge. Such party shall file with the clerk of court and serve on all parties a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. The judge assigned to the case shall consider the appeal and set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. The judge may also reconsider any matter *sua sponte.*

4. Local Rule 13.03(c) reads:
 Any party may object to the magistrate's proposed findings, recommendations, or report issued under this rule. The party objecting to the recommended disposition shall promptly arrange for the transcription of the record, or portions thereof as all parties may agree upon or the magistrate deem sufficient, unless the judge otherwise directs. Within ten (10) days after service of a copy of the recommended disposition, such party shall file with the clerk of court and serve on all parties written objections specifically identifying the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objection. A party may respond to another party's objections within ten (10) days after service of the objections. The judge shall make a *de novo* determination of those portions to which objection is made and may accept, reject or modify, in whole or in party, the findings or recommendations made by the magistrate. The judge may receive further evidence or recommit the matter to the magistrate with instructions.

5. *United States v. Molinaro, et al.*, Case No. 87–CR–90, Slip Op. (E.D.Wis. Jan. 15, 1988) (hereinafter cited as *"Decision and Order"*).

2d 215 (1953). A pretrial *Brady* motion for the details of the informant's financial arrangement with the government for the case at hand is premature until the government commits to the use of the informant as a witness. The parties were invited to submit further briefing on the issues of whether and when the government should commit to the use of the informant as a witness.

3. A discovery motion that fails to comply with Local Rule 6.02 either in letter or substance will be summarily denied.

4. The Magistrate's recommendation that the Court deny defendant Michael Molinaro's motion to suppress physical evidence was adopted by the Court, along with the Magistrate's findings of fact and conclusions of law. The Court noted that its review of the motion was limited by the movant's failure to produce a transcript of the Magistrate's evidentiary hearing. Under Local Rule 13.-03(c), the objecting party has the burden of supplying the Court with all necessary records.

Following the Court's decision, defendant Richard Molinaro renewed a discovery request for production of all inducements, promises, deals and rewards which the government had extended to the informant at issue in this case. Defendant contended that evidence of any agreement between the informant and the government would be relevant to bias on the part of the informant and thus proper discovery material under *Brady* and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Defendant also sought an *ex parte, in camera* discussion with the Court in order to explain the role of the informant in the case at hand.

Defendant Michael Molinaro also renewed certain motions by way of a motion to reconsider the Court's January 15, 1987 decision. Defendant sought reconsideration of the Court's orders denying the motion for exclusion of the informant's testimony and for an evidentiary hearing on the matter; denying the motion for production of *Brady* materials; denying the motion to suppress physical evidence and for an evidentiary hearing on the matter; and denying the motion to exclude a statement of defendant Linda Molinaro or, in the alternative, to sever.

Defendant Michael Molinaro's present *Brady* request, in the form of 16 numbered items, in essence seeks access to the Drug Enforcement Administration's (DEA) "snitch" or "informant" file.[6] Defendant contends that the motion, previously denied for failure to comply with Local Rule 6.02, meets both the letter and the spirit of the discovery requirement. Defendant's motion to suppress physical evidence seeks a review of the Magistrate's recommendation in light of the now-produced transcript of the Magistrate's evidentiary hearing.

After the filing of the second *Brady* motions, the government committed to the use of the informant as a witness and provided counsel for defendants with the details of the informant's agreement with the government for the case at hand. The government also provided a schedule of payments made to the informant from 1985 to the present. Defendant Richard Molinaro responded to the Court that the government's actions satisfied his discovery demands. Defendant Michael Molinaro responded that the government's actions fulfilled only 3 of his 16 discovery requests and that the other requests and motions were still pending. As to the discovery requests, he suggested that the Court hold an *in camera* review of the informant file or, alternatively, that defendant be allowed to examine the informant regarding the *Brady* requests. The government replied that it had already exceeded its obligations under *Brady* and Rule 16 of the Federal Rules of Criminal Procedure.

## II. ISSUES STILL IN DISPUTE

Defendant Richard Molinaro's discovery requests have been withdrawn and will be considered moot. Furthermore, the Court declines to reconsider its position on defendant Michael Molinaro's motion for ex-

---

**6.** *See* defendant Michael Molinaro's letter to the Court, dated March 7, 1988.

clusion of the informant's testimony and on his motion to exclude a statement of defendant Linda Molinaro or, in the alternative, to sever.[7] Remaining are defendant Michael Molinaro's *Brady* motion and his motion to suppress physical evidence.

## III. DISCUSSION

### A. *Discovery Motion*

In two recent cases from the Seventh Circuit Court of Appeals, the court reviewed several general guidelines for a district court's control over discovery matters. *See United States v. Valona,* 834 F.2d 1334, 1340–41 (1987) and *United States v. Napue,* 834 F.2d 1311, 1316–18 (1987). Among the discovery principles delineated by the court were the following:

1. The Supreme Court has stated that the due process clause has "little to say" concerning the amount of discovery to which parties in a criminal trial are entitled. (*Napue,* 834 F.2d 1316, *citing Wardius v. Oregon,* 412 U.S. 470, 474, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82 (1973)).

2. There is no general constitutional right to discovery in a criminal case; however, there are specific due process rights to discovery, such as the requirement that the prosecution disclose evidence favorable to the defendant upon request where the evidence is material to guilt or punishment. (*Napue,* 834 F.2d at 1316, *citing Weatherford v. Bursey,* 429 U.S. 545, 557, 97 S.Ct. 837, 844, 51 L.Ed.2d 30 (1977) and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).

3. The district court has wide discretion within the rules to determine the manner and course of discovery for a criminal case. (*Valona,* 834 F.2d at 1340, *citing Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 902 (7th Cir. 1981)).

4. A trial court's limitation on the manner and course of discovery will be reversed by the appellate court only upon a showing that the limitation is improvident and prejudices a party's substantial rights. (*Valona,* 834 F.2d at 1340, *citing Brown–Bey v. United States,* 720 F.2d 467, 471 (7th Cir.1983)).

The filing of pretrial discovery motions in this District is covered by the procedures of the *Pretrial Order,* which incorporates the requirements of Local Rule 6.02. The procedures seek to limit the needless filing of discovery motions as well as to effectuate the United States Attorney's "open file" policy. *See United States v. Kelley, et al.,* 120 F.R.D. 103, 106 (E.D.Wis. 1988) (government's open file policy gives rise to affirmative obligation on part of defendant's counsel to examine government files). The policy has repeatedly been held to satisfy a defendant's request for discovery. *See, for example, United States v. LaFond,* 482 F.Supp. 1379, 1387 (E.D.Wis.1980). After reviewing the file, if defense counsel believes that he or she is entitled to additional discovery material, he or she is required to confer with opposing counsel before filing a motion with the magistrate. *United States v. Kelley,* 120 F.R.D. 106.

This Court has a continuing practice of requiring strict compliance with the standing *Pretrial Order* and Local Rule 6.02. *See, for example, United States v. Lynch, et al.,* 684 F.Supp. 599, 600–01 (E.D. Wis.1988); *United States v. Herrero, et al.,* 87–CR–63, Slip Op., at 9–10 (E.D.Wis. Dec. 23, 1987) [available on WESTLAW, 1987 WL 45529]. Motions that fail to meet the requirements are summarily dismissed, although the motions may be refiled if a party shows compliance with the rules or if a party satisfactorily explains the previous failure to comply. *Id.*

Defendant Michael Molinaro's original *Brady* request contained approximately 60

---

7. Motions for reconsideration serve the limited functions of correcting manifest errors of law or fact and presenting newly discovered evidence. *Publishers Resource v. Walker–Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985).

Defendant presents no arguments as to why the Court should reconsider the motion to exclude the informant's testimony and the motion to exclude a statement of defendant Linda Molinaro or, in the alternative, to sever.

items. The Magistrate characterized the motion as one that looked "more like a set of written interrogatories in a civil case than a motion for specific *Brady* materials" and denied the motion for failure to comply with Local Rule 6.02. *Magistrate's Decision and Recommendation,* at 6. On appeal to this Court, defendant argued that he had filed a statement in accordance with Local Rule 6.02 and that the motion was necessary to protect defendant from gaps in the government's open file policy. The Court affirmed the Magistrate, holding that the file in this case contained no 6.02 statement. *Decision and Order,* at 10. The Court added that even had a 6.02 statement been filed, it was obvious from the form of the motion that defendant had failed to comply with the substance underlying the statement. *Id.* The Court said defendant would be allowed to refile his discovery request once he had complied with the letter and spirit of Local Rule 6.02. *Id.* Defendant then filed the presently pending 16–item request. The request contained a statement in accordance with Rule 6.02.

A further review by the Court of defendant's discovery motions has uncovered a previous "Statements on Motions," which includes a report of a meeting between opposing counsel on discovery matters. The document has a file stamp with an August 31, 1987 date (after the deadline for filing) but has no docket number.

In light of the ramifications surrounding the 6.02 statement, the Court would recommend to counsel in this case and counsel in future criminal cases that the statement be filed under cover separate from the discovery motion so that the docket of the Clerk of Court will reflect the filing of the statement. The Court also would suggest to the magistrates of this District that they take all reasonable steps available at arraignments to ensure that the parties are informed on the record as to the requirements of the pretrial order.

 Turning to the merits of defendant's renewed discovery request, the Court will decline to order production of the DEA informant file. The Court also declines to order an *in camera* review. Under *Brady,* the government's failure to disclose evidence favorable to a defendant upon request violates a defendant's due process rights where the evidence was material either to guilt or punishment. *United States v. Brimberry,* 803 F.2d 908, 913 (7th Cir. 1986). Impeachment evidence falls under the rule of *Brady. United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). Impeachment evidence, however, must still meet the requirement of materiality. *Id.* at 683, 105 S.Ct. at 3384. At this point in the case, the Court cannot find that the details of the informant's prior relationships with the DEA would in any way be material to the case at hand. Defendant contends the evidence in the file will be relevant to the informant's bias. But the government has already disclosed the financial arrangement with the informant for the case at hand and a schedule of payments made for prior cases. In light of these disclosures, the Court can in no way find that any other details of the unrelated cases would be material to bias in the case. In the Seventh Circuit case of *Valona,* the court affirmed a ruling by Judge Reynolds of this District, in which the judge refused to order government disclosure of an informant's criminal record and his record of performance as an informant. 834 F.2d at 1341. Judge Reynolds, following the recommendation of a magistrate, declined to disclose the information "absent a particularized need." *Id.* No particularized need has been shown in the case at hand. As to the request for an *in camera* review, the Court would add that under the Seventh Circuit case of *United States v. Navarro,* 737 F.2d 625, 631, *cert. denied,* 469 U.S. 1020, 105 S.Ct. 438, 83 L.Ed.2d 364 (1984), mere speculation that an undisclosed government file may contain *Brady* material is insufficient to require remand for *in camera* inspection. *See also United States v. Robinson,* 585 F.2d 274, 281 (7th Cir.1978) (*Brady* request pertaining to 10,000 pages of government documents will not be reviewed by the court unless defendant identifies with reasonable particularity the evidence to be considered).

## B. *Suppression Motion*

Defendant Michael Molinaro moved to suppress certain items seized from his wallet following his arrest on August 5, 1987. The Magistrate conducted an evidentiary hearing on the motion on October 5, 1987. His findings of fact and conclusions of law were included in the *Magistrate's Decision and Recommendation* at pages 17–19. The Magistrate denied the motion, holding that defendant's arrest and the subsequent search of his wallet were lawful. *Decision and Recommendation* at 20–24. This Court found the Magistrate's ruling appropriate and adopted in full the findings of fact and conclusions of law. Defendant's present challenge seeks a new evidentiary hearing or, in the alternative, a review of the Magistrate's decision in light of the now-produced transcript of the evidentiary hearing.

 A magistrate's findings of fact and recommendations for disposition of a motion to suppress evidence in a criminal case fall within the review standards of Local Rule 13.03. *See* Local Rule 13.-03(a)(3). A party filing a timely objection under Rule 13.03 must arrange for the transcription of the record or the parts thereof needed for review of the objection by the district court. *Id.* at subsection (c). The rule further provides that the district court

> ... shall make a *de novo* determination of those portions to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may receive further evidence or recommit the matter to the magistrate with instructions.

*Id.* The Court interprets the language, *"de novo* determinations of those portions to which objection is made," to require the objecting party to state with particularity the points that the party is attacking in the Magistrate's decision. Without specific reference to portions of the Magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise. The general statements that a party "ob-jects" and "incorporates all arguments previously made to the magistrate" will not suffice. The Court also has interpreted the standard of subsection (c) to mean that the Court may adopt, in whole or in part, the Magistrate's findings of fact from an evidentiary hearing. The Court has the discretion, but is not required to hold a new evidentiary hearing simply because a party objects to the Magistrate's findings of fact. *See, for example, United States v. Stein, et al.,* Case No. 87–CR–33, Slip Op. at 3 (E.D.Wis. Aug. 10, 1987) [available on WESTLAW, 1987 WL 46280] (district court held *de novo* evidentiary hearing, but adopted magistrate's summary of affidavit introduced as evidence). To hold otherwise would undermine the purpose of having a magistrate rule on pretrial motions to suppress.

 In the case at hand, defendant challenges two specific issues discussed by the Magistrate: (1) whether defendant was under arrest before he was searched, and (2) whether the search of defendant's wallet was within the scope of a search incident to an arrest. This Court's review of the transcript now provided does not persuade the Court that the Magistrate's findings of fact and conclusions of law were inappropriately adopted by the Court in its previous decision or that a second evidentiary hearing is necessary. The Court will stand by the finding that the defendant was under arrest prior to the search of his wallet. Furthermore, the seizure of the wallet and the reading of various pieces of paper in it prevented incriminating evidence from being destroyed—a valid purpose authorizing a warrantless search incident to an arrest. Therefore, the motion to suppress physical evidence is hereby DENIED.

## IV. SUMMARY

Based on the decision above, the Court hereby:

1. DENIES as moot defendant Richard Molinaro's refiled *Brady* request.

2. DENIES defendant Michael Molinaro's refiled *Brady* motion and motion to suppress physical evidence.

3. DENIES defendant Michael Molinaro's motion to reconsider his remaining pretrial motions.