**UNITED STATES of America, Plaintiff,**

v.

**Robert W. EDWARDS, Defendant.**

**No. 95–CR–82.**

United States District Court,
E.D. Wisconsin.

July 26, 1995.

Eric J. Klumb, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Robert W. Edwards, David Ziemer, Milwaukee, WI, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On May 9, 1995, a federal grand jury sitting for the eastern district of Wisconsin returned a two-count indictment against the defendant, Robert Edwards. It charged him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm which had not been registered with the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. A jury trial is scheduled to commence on July 31, 1995.

This case was assigned to Magistrate Judge Aaron E. Goodstein for pretrial processing. The defendant filed a motion to dismiss count one of the indictment based upon the Supreme Court's recent decision in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). On July 7, 1995, Magistrate Judge Goodstein issued a recommendation advising that Mr. Edward's motion be denied. The defendant's motion, and the magistrate judge's recommendation, are now before this court for consideration.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule § 13.03(c), one must file written objections to a magistrate judge's recommendation if he desires to challenge the recommendation. *De novo* review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made. *United States v. Molinaro,* 683 F.Supp. 205, 211 (E.D.Wis. 1988); 28 U.S.C. § 636(b)(1); Local Rule § 13.03(c). Mr. Edwards has filed timely objections to the magistrate judge's recommendation, and I have undertaken a *de novo* review. I concur with the magistrate judge's recommendation and find the defendant's objections unpersuasive.

In count one of the indictment, the grand jury charges that Mr. Edwards "did knowingly possess in and affecting interstate commerce" a sawed-off shotgun and a .22 caliber handgun "having been previously convicted on March 22, 1989 of a crime punishable by a term of imprisonment exceeding one year." Pursuant to 18 U.S.C. § 922(g)(1),

[i]t shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by a term of imprisonment for a term exceeding one year; . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

In his motion to dismiss count one of the indictment, the defendant asserts that § 922(g) is an unconstitutional exercise of Congress' Commerce Clause authority and, in the alternative, that, if § 922(g) is not unconstitutional, it requires proof that a defendant's possession of a firearm contemporaneously affected interstate commerce. Mr. Edwards relies on the Supreme Court's decision in *Lopez* as support for both of his arguments.

In *Lopez,* the Supreme Court struck down as unconstitutional the Gun–Free School Zones Act of 1990, 18 U.S.C. § 922(q). That law made it a federal offense for an individu-

al "knowingly to possess a firearm at a place that the individual knows or has reasonable cause to believe, is a school zone." The Court held that § 922(q) exceeded Congress' authority " '[t]o regulate Commerce . . . among the several States. . . .' " *Lopez*, —— U.S. at ——, 115 S.Ct. at 1626 (quoting U.S. Const., Art. I, § 8, cl. 3).

■ Congress may regulate three broad categories of activity under its authority to regulate interstate commerce. *Lopez*, —— U.S. at ——, 115 S.Ct. at 1629. Congress' Commerce Clause power extends to: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities that substantially affect interstate commerce. *Id.* at —— – ——, 115 S.Ct. at 1629–30. The Court determined that § 922(q) did not fall within the first two categories. —— U.S. at ——, 115 S.Ct. at 1630. Thus, the Supreme Court examined § 922(q) under the third category of activity subject to regulation by Congress. *Id.* However, in *Lopez*, the Court found that § 922(q) did not involve a commercial activity that substantially affects interstate commerce and that § 922(q) contained no jurisdictional element which would ensure that the firearm possession in each case affects interstate commerce. *Id.* at —— – ——, 115 S.Ct. at 1630–31. Consequently, the Court held that § 922(q) was unconstitutional. *Id.* at ——, 115 S.Ct. at 1626.

*Lopez* specifically examined § 922(q) whereas the case at bar directly concerns subsection (g) of § 922. The two citations look almost alike, but they are significantly different so far as constitutionality is concerned.

Although Mr. Edwards acknowledges that § 922(g) does contain a jurisdictional element requiring that the defendant possess a firearm "in or affecting commerce," he contends that possession of a firearm is not a commercial activity, and Congress' proscription of such activity is therefore unconstitutional.

■ The regulated activity need not be interstate activity. Regulation of purely intrastate activity is constitutional when such activity has a substantial affect on interstate commerce. *See Wickard v. Filburn*, 317 U.S. 111, 125, 63 S.Ct. 82, 89, 87 L.Ed. 122 (1942) (Congress may regulate purely local noncommercial activity where such activity exerts a substantial economic effect on commerce). The defendant claims that the Court in *Lopez* implicitly found that Congress' authority under the Commerce Clause extends only to " 'economic' or 'commercial' activities having a substantial relation to interstate commerce." Mr. Edwards asserts that the possession of a firearm by a convicted felon does not in any way affect interstate economic activity.

The defendant maintains that *Lopez* requires that a statute enacted pursuant to Congress' authority under the Commerce Clause must: (1) regulate a commercial activity and (2) contain a jurisdictional element requiring that the activity in question affects interstate commerce. I disagree. Contrary to Mr. Edward's assertion, I do not believe that the regulated activity itself need be a commercial activity. In *Lopez*, the Court held only that the regulated activity must substantially affect interstate commerce. —— U.S. at ——, 115 S.Ct. at 1630.

Unlike § 922(q), § 922(g) does contain a jurisdictional element. *See Lopez*, —— U.S. at ——, 115 S.Ct. at 1631. In *Lopez*, the Court discussed the interpretation of 18 U.S.C. § 1202(a) (the predecessor to § 922(g)) contained in *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). —— U.S. at ——, 115 S.Ct. at 1631. In *Bass*, the Court found that the "affecting commerce" element can be satisfied if the firearm possessed by a felon had previously traveled in interstate commerce. 404 U.S. at 350, 92 S.Ct. at 524. The *Lopez* Court found that § 922(q) was distinguishable from § 1202(a) in that § 922(q) did not contain a jurisdictional element which would "ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." —— U.S. at ——, 115 S.Ct. at 1631.

■ § 922(g) requires the government to prove that the firearm possession in question affects interstate commerce. In *United States v. Hanna*, the court of appeals for the ninth circuit rejected the defendant's chal-

lenge to the constitutionality of § 922(g) based on *Lopez* and found that the jurisdictional element contained in § 922(g) is sufficient to establish its constitutionality. 55 F.3d 1456, 1462 (9th Cir.1995); *see also United States v. Campbell,* 891 F.Supp. 210, 211 (M.D.Pa.1995).

Furthermore, § 922(g) does regulate commercial activity. The defendant asserts that possession of a firearm by a felon is not an economic or commercial activity. However, it is not the mere possession of a firearm which § 922(g) proscribes. Unlike § 922(q), which regulated only the possession of firearms within a school zone, a purely local activity, § 922(g) regulates possession of a firearm by a convicted felon "in or affecting commerce." As discussed above, this element requires proof that the firearm previously traveled in interstate commerce.

While the mere possession of a firearm by a felon in and of itself may have minimal impact on interstate commerce, the movement of firearms in interstate commerce combined with the possession of those firearms by convicted felons has a substantial impact on commerce. The preamble to § 1202(a) contained congressional findings which stated in part:

> Congress hereby finds and declares that the receipt, possession, or transportation of a firearm by felons ... constitutes ... a burden on commerce or threat affecting the free flow of commerce.

*See Scarborough v. United States,* 431 U.S. 563, 571 n. 10, 97 S.Ct. 1963, 1967 n. 10, 52 L.Ed.2d 582 (1977) (quoting preamble). As in *Wickard,* the purely local activity at issue in this case has a large impact on interstate commerce. *See also United States v. Wilks,* 58 F.3d 1518, 1521–23 (10th Cir.1995) (holding that 18 U.S.C. § 922(*o*), which prohibits the transfer *and possession* of machineguns, is a constitutional exercise of Congress' power to regulate "things in commerce").

In the alternative, the defendant argues that, if § 922(g) is constitutional, the government is required to show that the possession of the firearms by Mr. Edwards had some actual affect on interstate commerce. In support of this argument, the defendant asserts that the Supreme Court's decision in *Scarborough* is no longer applicable in light of the Court's decision in *Lopez.* Mr. Edwards contends that proof that the firearm traveled in interstate commerce at one time is no longer adequate.

I do not believe that the Court's decision in *Lopez* effects any change in the government's burden of proving that a defendant charged with a violation of § 922(g)(1) possessed a firearm "in and affecting interstate commerce." In *Scarborough,* the Court held that proof that a convicted felon possessed a firearm that had previously traveled in interstate commerce was sufficient to satisfy the statutorily required connection to commerce.

Mr. Edwards argues that *Scarborough* was implicitly overruled by *Lopez.* The defendant has submitted no authority for this proposition. The court in *Lopez* stated that it declined to expand Congress' authority under the Commerce Clause to encompass § 922(q). — U.S. at —, 115 S.Ct. at 1634. However, the court did not express an intent to restrict congressional authority under the Commerce Clause despite the "broad language" of its previous decisions addressing congressional enactments pursuant to such authority. *Id.* In *United States v. Stillo,* 57 F.3d 553 (7th Cir.1995), the court of appeals for the seventh circuit stated that the *Lopez* decision did not "undermine this Court's precedents that minimal potential effect on commerce is all that need be proven to support a conviction." 57 F.3d at 558 n. 2 (Holding that the Hobbs Act, which prohibits extortion that affects interstate commerce, is constitutional). Proof that the firearm previously traveled in interstate commerce is sufficient.

The defendant's interpretation of congressional authority under the Commerce Clause is too narrow, and his interpretation of the Court's decision in *Lopez* is too broad. In *Lopez,* the Court found that § 922(q) had exceeded the limits, established in its previous decisions, of Congress' power to regulate commerce. The Court did not constrict Congress' authority to regulate commerce.

## ORDER

Therefore, IT IS ORDERED that the magistrate judge's recommendation be and hereby is adopted.

IT IS ALSO ORDERED that the defendant's motion to dismiss count one of the indictment be and hereby is denied.