**UNITED STATES of America**

v.

**Raymond Anthony BROWN.**

**No. 4:95CR45–1.**

United States District Court,
M.D. North Carolina,
Salisbury Division.

May 23, 1995.

Federal Public Defender, Greensboro, NC,
for plaintiff.

Michael F. Joseph, United States Atty.,
Greensboro, NC, for defendant.

**MEMORANDUM OPINION**

TILLEY, District Judge.

Defendant Raymond Anthony Brown was originally charged with a controlled substance offense and a firearm violation by the state of North Carolina. In return for his plea of guilty, the State of North Carolina dismissed the firearm offense. Presently, Defendant is charged with violating 18 U.S.C. § 922(g)(1) which makes it a crime for any person:

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

In light of *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) in which the Supreme Court held that 18 U.S.C. § 922(q)(2)(A) (the Gun–Free School Zones Act of 1990) exceeds Congress' authority under the Commerce Clause, Defendant has moved to dismiss the indictment on the grounds that § 922(g)(1) also violates the Commerce Clause. For reasons stated below, the Court will DENY Defendant's motion to dismiss the indictment.

In *Lopez,* the defendant was charged with violating 18 U.S.C. § 922(q)(2)(A) which made it a crime "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." In an opinion written by Chief Justice Rehnquist, the Court held that 18 U.S.C. § 922(q)(2)(A) exceeds Congress' authority under the Commerce Clause. The Court found that § 922(q) did not regulate activity that substantially affected interstate commerce. First, the Court noted that "[s]ection 922(q) is a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." *Id.* at ——, 115 S.Ct. at 1630–31. Second, the Court emphasized that "§ 922(q) contains no jurisdictional element which would ensure, through case-

by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at ——, 115 S.Ct. at 1631. The Court continued:

> For example, in *United States v. Bass,* 404 U.S. 336 [92 S.Ct. 515, 30 L.Ed.2d 488] (1971), the Court interpreted former 18 U.S.C. § 1202(a), which made it a crime for a felon to "receiv[e], transpor[t] in commerce or affecting commerce ... any firearm." The Court interpreted the possession component of § 1202(a) to require an additional nexus to interstate commerce both because the statute was ambiguous and because "unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance." ... Unlike the statute in *Bass,* § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce.

*Id.* In light of these two points, the Court found that § 922(q) violated Congress' authority under the Commerce Clause.

In this case, § 922(g)(1), like § 922(q) is a criminal statute that by its terms has nothing to do with commerce or any sort of economic enterprise. However, unlike § 922(q), § 922(g)(1) has an express jurisdictional element which requires that the possession of a firearm or ammunition by the felon be "in or affecting commerce." [1] In *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the Supreme Court noted that while *Bass* interpreted the possession component of § 1202(a) [2] to require an additional nexus to interstate commerce, "it was unnecessary ... to decide what would constitute an adequate nexus with commerce." *Id.* at 568, 97 S.Ct. at 1966. Subsequently, the Court held that for prosecutions under 18 U.S.C. § 1202(a), proof that the possessed firearm previously traveled at some time in interstate commerce was sufficient to satisfy the statutorily required nexus between possession and commerce. *Id.* at 575, 97 S.Ct. at 1969. In light of the *Lopez* Court's cita-

tion to *Bass,* it appears that the *Lopez* decision was not intended to overrule the *Bass* and *Scarborough* line of cases. Consequently, under the tenets of *Bass* and *Scarborough,* § 922(g)(1) does not exceed Congress' authority under the Commerce Clause. As a result, Defendant's motion to dismiss the indictment is DENIED.

## ORDER

For the reasons stated in the memorandum opinion filed contemporaneously herewith, IT IS ORDERED that Defendant's motion to dismiss the indictment is DENIED.

---

**1.** At a hearing on May 19, the government established that the gun and ammunition were manufactured outside of North Carolina and subsequently brought into North Carolina.

**2.** 18 U.S.C. § 1202(a) was the statutory precursor to § 18 U.S.C. § 922(g).