**UNITED STATES of America, Plaintiff,**

v.

**Marvin D. CAMPBELL, Defendant.**

**Crim. No. 1:CR–95–36.**

United States District Court,
M.D. Pennsylvania.

June 28, 1995.

Daniel Isaiah Siegel, Lori J. Ulrich, Harrisburg, PA, Marvin D. Campbell, State Correctional Inst., Camp Hill, PA, for defendant.

Dennis C. Pfannenschmidt, U.S. Attorney's Office, Harrisburg, PA, for plaintiff.

*ORDER*

CALDWELL, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

A two-count indictment was filed against the defendant. Count I charged him under 18 U.S.C. § 922(g)(1) with possession of a firearm by a convicted felon.[1] Count II charged him under 18 U.S.C. § 924(c)(1) with using or carrying a firearm during and in relation to a drug trafficking offense. The defendant entered into a conditional plea

---

1. This section reads, in pertinent part, as follows: (g) It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year
   . . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

agreement, agreeing to plead guilty to count I, while reserving the right to contest on appeal any adverse rulings on his pretrial motions to dismiss.

We have before us the defendant's motion to dismiss count I, made partially on the basis of the Supreme Court's recent decision in *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The defendant argues that for two reasons section 922(g)(1) is unconstitutional under the commerce clause, U.S. Const. art. 1, § 8, cl. 3.

■ First, he argues that the statutory language prohibiting a felon's ownership of a firearm "in or affecting commerce" is an unconstitutional attempt by Congress to reach purely intrastate transactions in guns. In support, he points to the statutory language prohibiting a felon from shipping, transporting or receiving a firearm that has moved "in interstate or foreign commerce," as opposed to the language prohibiting possession of a firearm "in or affecting commerce." Hence, because Congress could have used broader language in connection with possession of a firearm if it had wanted to, the defendant argues that Congress only intended to proscribe possession of a firearm that traveled solely within a state, admitting by the language it used that mere possession does not have the requisite effect on interstate commerce but federalizing the crime anyway.

We reject this argument. As noted by the government, "The phrase 'in or affecting commerce' has become a jurisdictional term of art that indicates a Congressional intent to assert its full commerce clause power ... Therefore, when the phrase is used in § 922(g)(1), it provides notice to felons in possession of firearms which have travelled in interstate commerce that their conduct is prohibited." *United States v. Carter*, 981 F.2d 645, 647 (2d Cir.1992) (citing cases). *See also United States v. Wallace*, 889 F.2d 580, 583 (5th Cir.1989) ("section 922(g) reaches only those firearms that traveled in interstate commerce and is thus constitutional").

The defendant's reliance on *Gozlon–Peretz v. United States*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), and *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), for his statutory construction argument is misplaced. Unlike the statutory schemes under review in those cases, section 922 represents a codification of statutory provisions that had already acquired meaning through judicial interpretation, *see Wallace, supra*, 889 F.2d at 583, and hence Congress would have been more likely simply to incorporate the old language without intending any change in substance.

Second, the defendant argues that section 922(g)(1) violates the commerce clause because even if the statutory nexus to interstate commerce is established, the government cannot show that his possession of a firearm, "substantially affected" interstate commerce, the standard recently used in *Lopez, supra*.

In *Lopez* the Supreme Court held 18 U.S.C. § 922(q)(1)(A) unconstitutional under the commerce clause. That section made it "unlawful for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." *Id.*[2] The Court reasoned that the provision could not be upheld under any of the three broad categories of permissible commerce-clause legislation, but we need only mention here the third category— the heart of the Court's analysis in *Lopez* and the focus of the defendant's argument— Congress' "power to regulate ... those activities that substantially affect interstate commerce." —— U.S. at ——, 115 S.Ct. at 1629, 131 L.Ed.2d at 637.

The Court held that section 922(q)(1)(A) could not be upheld under this category for three reasons. First, the provision was "a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise...." *Lopez*, —— U.S. at ——, 115 S.Ct. at 1630–31, 131 L.Ed.2d at 638. Second, it "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at ——, 115 S.Ct. at 1631, 131 L.Ed.2d at 639

2. The statutory language is now found at 18    U.S.C. § 922(q)(2)(A).

(brackets added). In this regard, the Court compared section 922(q)(1)(A) to 18 U.S.C. § 1202(a), the predecessor to section 922(g)(1), *see United States v. Hanna,* 55 F.3d 1456 (9th Cir.1995), and substantially identical to section 922(g)(1) in requiring possession of the firearm "in commerce or affecting commerce." *See United States v. Bass,* 404 U.S. 336, 337 n. 1, 92 S.Ct. 515, 517 n. 1, 30 L.Ed.2d 488, 491 n. 1 (1971). Third, section 922(q)(1)(A) was not accompanied by express congressional findings concerning a substantial effect on interstate commerce, an important omission in a statutory section that did not reveal on its face an interstate-commerce connection.

■ By concentrating on the first of these reasons, the defendant contends that *Lopez* applies here because a felon in possession of a handgun has as much an effect on interstate commerce as a person in possession of a handgun in a school zone.

This argument fails because it does not take into account the Court's second reason for striking down section 922(q)(1)(A)—the section did not require the government to show as an element of the offense that the firearm affected interstate commerce. Significantly, the Court cited in support of this reason the predecessor section to section 922(g)(1) and, as noted above, section 922(g)(1), like its predecessor, contains this jurisdictional element. Because sections 922(g)(1) and 922(q)(1)(A) are different in this material respect, *Lopez* cannot control here.

The defendant's motion is actually governed by *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). In *Scarborough,* the Court held that section 1202(a)'s statutory requirement of a nexus to interstate commerce was satisfied by showing that the firearms at issue there had at some point traveled in interstate commerce. This was also a sufficient showing to satisfy the commerce clause. *Id.* at 575 n. 11, 97 S.Ct. at 1969 n. 11, 52 L.Ed.2d at 591 n. 11. The courts of appeals have also understood the *Scarborough* holding as not just an interpretation of a statutory condition but also as an expression of commerce-clause requirements. *See Hanna, supra; United*

States v. Presley, 52 F.3d 64, 67 (4th Cir. 1995); *United States v. Sanders,* 35 F.3d 61 (2d Cir.1994); *Carter, supra; United States v. Johnson,* 22 F.3d 106, 108–09 (6th Cir. 1994). Hence, we must deny the defendant's motion.

Our conclusion is in accord with *Hanna, supra,* which analyzed the same challenge to section 922(g)(1) the defendant makes here under *Lopez.* Rejecting the commerce clause argument by citing *Scarborough,* the Ninth Circuit stated:

We have read and considered *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), holding 18 U.S.C. § 922(q) to be unconstitutional on Commerce Clause grounds, but it does not alter our analysis. The Supreme Court distinguished § 922(q) from 18 U.S.C. app. § 1202(a), the predecessor of § 922(g), stating "§ 922(q) contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at ——, 115 S.Ct. at 1625. Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause.

55 F.3d at 1462 n. 2.

It may well be that *Lopez* signals an important change in the Supreme Court's commerce-clause jurisprudence, but in light of *Scarborough,* we have no authority to initiate that change ourselves in relation to section 922(g)(1). *See Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526, 536 (1989).

AND NOW, this 28th day of June, 1995, upon consideration of the defendant's motion to dismiss Count I of the indictment, filed on May 24, 1995, it is ordered that the motion is denied.