60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Lee BLACKWELL, Defendant-Appellant.
 No. 94-5835.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 20, 1995.
Decided: July 6, 1995.
 
 Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Lee Blackwell appeals from his conviction of and sentence imposed for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(e)(1) (West 1995). Blackwell contends that the evidence was insufficient to support the jury's verdict. We grant Blackwell's motion for leave to file a supplemental pro se brief, and affirm.
 
 
 2
 During Blackwell's trial, the parties stipulated that Blackwell had been convicted on March 17, 1993, of a crime punishable by a term of imprisonment greater than one year and that his civil rights had not been restored. Sergeant Joel Dean Ward testified that he stopped a vehicle in which Blackwell was a passenger. Ward approached the vehicle on the passenger side and asked Blackwell to exit the vehicle. As Blackwell exited the vehicle, Ward observed a .25 caliber pistol on the passenger's side floorboard. After exiting the vehicle, Blackwell struggled with Ward and fled the scene. Ward retrieved the pistol from the vehicle. It was loaded and functional.
 
 
 3
 Special Agent Warren of the Bureau of Alcohol, Tobacco and Firearms and Sergeant Ward apprehended Blackwell later that day. The officers advised Blackwell of his constitutional rights. After waiving his rights, Blackwell told the officers that the gun was his, he had owned it for about five days, and he obtained the gun from Tony Morrow.
 
 
 4
 In his defense, Blackwell testified that two days earlier, he cleaned the car and saw the gun under the seat on the passenger's side. He told owner of the car about the gun but did not take the gun out of the car, unload it, or move it. Blackwell admitted that he fled from Ward, that he was advised of his rights upon his arrest, that he waived those rights, and that he informed the officers the gun was his and he had obtained it five days earlier. Blackwell attempted to explain his actions and admissions, stating that he was scared. He testified that he refused to sign the written statement because he was scared and was crying. However, during the interview, Blackwell did not state that he wished to change or correct his statement.
 
 
 5
 The jury returned a verdict of guilty, and the court sentenced Blackwell to two hundred ninety-five months imprisonment followed by sixty months supervised release.
 
 I. Sufficiency of the evidence
 
 6
 The essential elements of the 18 U.S.C.A. Sec. 922(g)(1) offense are (1) knowing possession of a firearm; (2) in or affecting commerce; (3) by one who has been convicted of a crime punishable by more than one year in prison; (4) whose civil rights have not been restored. 18 U.S.C.A. Secs. 921, 922 (West Supp.1995); see United States v. Essick, 935 F.2d 28, 29-31 (4th Cir.1991). We find that the evidence presented in Blackwell's trial was sufficient as to each of the elements. See Glasser v. United States, 315 U.S. 60, 80 (1942) (evidence sufficient if, when viewed in light most favorable to Government, a rational juror could find guilt beyond a reasonable doubt). Blackwell stipulated that he had previously been convicted of the requisite crime and that his civil rights had not been restored. As to the interstate nexus element, the Government had only to prove that the firearm had travelled in foreign or interstate commerce at some time in the past. Scarborough v. United States, 431 U.S. 563, 577 (1977). The Government presented the testimony of Special Agent Warren that, as revealed by a weapons trace, the firearm possessed by Blackwell was manufactured in California and thus must have, at some time, been transported to North Carolina.
 
 
 7
 Blackwell argues that the Government failed to prove that he possessed the firearm. He contends that the firearm was merely present in a vehicle in which he was a passenger. Although as Blackwell notes, presence at a crime scene and knowledge that a crime is being committed are insufficient to establish guilt, United States v. Love, 767 F.2d 1052, 1058-59 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986), the Government's evidence shows more than this. Blackwell admitted to the arresting officers that he owned the gun and had obtained it five days earlier. We find that, when viewed in the light most favorable to the Government, this evidence and the fact that the gun was discovered on the passenger side of the vehicle in which Blackwell was a passenger is sufficient to establish that Blackwell possessed the firearm.[1] See Glasser, 315 U.S. at 80. Accordingly, the evidence was sufficient to sustain Blackwell's conviction.
 
 II. Issues in Blackwell's supplemental brief
 A. Ineffective assistance of counsel
 
 8
 Blackwell seeks to have his conviction reversed based upon numerous instances in which he claims that counsel provided ineffective assistance or no assistance. We do not reach claims of ineffective assistance on direct appeal unless ineffectiveness conclusively appears from the record, which is not the case here. United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). Such claims may be raised in a motion under 28 U.S.C. Sec. 2255 (1988).
 
 B. False information in indictment
 
 9
 Blackwell contends that the indictment was invalid because it was issued after Special Agent Warren testified before the grand jury that Blackwell owned the vehicle. Because this issue was not raised in the district court, this Court's review is for plain error. Fed.R.Civ.P. 51; Hafner v. Brown, 983 F.2d 570, 578 (4th Cir.1992); see United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993).
 
 
 10
 The challenged statement is: "Ward recovered a loaded Raven Arms .25 caliber pistol bearing Serial Number 1453013 from Black well's vehicle." Blackwell asserts that without this statement, the grand jury would not have returned an indictment against him. Because possession of a firearm may be determined without proof that the defendant owned the vehicle or controlled the area in which the contraband was found, this contention is without merit.
 
 
 11
 C. False information in presentencing report
 
 
 12
 Blackwell states, without elaboration, that his criminal history category was erroneously increased because some convictions were treated as felonies when they were in fact misdemeanors. He also contends that the district court improperly applied the sentencing enhancing provisions of 18 U.S.C.A. Sec. 924(e)(1) (West Supp.1995) and United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4 (Nov.1993). Section 924(e)(1) provides a minimum sentence of fifteen years for a person who has violated 18 U.S.C.A. Sec. 922(g) and has three prior convictions for violent felonies or serious drug offenses which were committed on different occasions. 18 U.S.C.A. Sec. 924(e)(1). The indictment lists Blackwell's convictions of crimes punishable by more than one year of imprisonment, including four counts of possession with intent to sell and deliver cocaine, four counts of sell and deliver cocaine, four counts of possession of cocaine, and two counts of conspiracy to sell and deliver cocaine.[2] These crimes are felonies. See N.C. Gen.Stat. Sec. 90-95(a), (d) (1993). Also, during cross-examination, Blackwell admitted that he could not dispute that he had at least four prior felony convictions. On the record before us, we find no plain error in the enhancement of Blackwell's sentence pursuant to 18 U.S.C.A. Sec. 924(e)(1). See Olano, 61 U.S.L.W. at 4424.
 
 D. Jury instructions
 
 13
 Blackwell's final contention is that the jury instructions improperly shifted the burden of proof from the Government to him to prove ownership of the gun. Although the jury instructions are not part of the record on appeal, we find no merit to this argument. The Government presented evidence that Blackwell admitted he owned the gun and had obtained it five days earlier. Also, the court repeatedly informed the jury that the Government had the burden of proving Blackwell's guilt beyond a reasonable doubt. Because the jury could have reasonably found that the Government proved beyond a reasonable doubt that Blackwell owned the gun, Blackwell has failed to prove plain error in the jury instructions. See Olano, 61 U.S.L.W. at 4424.
 
 
 14
 In conclusion, we grant Blackwell's motion to file a pro se supplemental brief and affirm Blackwell's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Blackwell contends that his admissions are suspect because he was frightened and became emotional, crying during his interrogation. He also implies that he made the statement only hours after the initial stop of the vehicle when Sergeant Ward had kicked his legs apart in an "abusive manner" causing him to flee the area in fear. This argument was presented to the jury, and, by returning a guilty verdict, the jury apparently did not believe Blackwell's version. See United States v. Mitchell, 1 F.3d 235, 240 (4th Cir.1993) (jury determines issues of credibility)
 
 
 [2]
 The language specifying the crimes was redacted from the indictment prior to it being submitted to the jury