UNITED STATES of America, Plaintiff,

v.

**Walter E. WILLIAMS, Defendant.**

Crim. No. 2:95–00058–001.

United States District Court,
S.D. West Virginia.
Charleston Division.

July 21, 1995.

Stephanie Thacker, Asst. U.S. Atty., Charleston, WV, for plaintiff.

Gerald Needham, Asst. Federal Public Defender, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On July 17, 1995 this matter came on for trial before a jury. Defendant was indicted in a one-count indictment charging him with violating the "felon-in-possession" statute, 18 U.S.C. § 922(g)(1). Prior to trial the Defendant submitted his proposed instructions for the jury. He requested, *inter alia*, the Court instruct the jury that the Defendant's possession of a firearm must have a "concrete" and "explicit" tie to interstate commerce, pursuant to the recent decision of the United States Supreme Court in *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Defendant submitted a Memorandum in Support of the proposed instruction, and the Government filed a response. For the reasons articulated below, the Court **DENIED** the defense instructions [1] applying the *Lopez* ruling to expand the proof requirements of the charge.

Title 18 U.S.C. § 922(g)(1) states:

"(g) It shall be unlawful for any person—
(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

\*    \*    \*    \*    \*    \*

to ship or transport in interstate commerce, or *possess in or affecting commerce, any firearm* or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce." (emphasis added).

The defining elements of the nexus between the terms "possession of a firearm" and "in or affecting commerce" are well established. In *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977), the Supreme Court articulated the requisite nexus between the firearm and interstate commerce to support a conviction under § 922(g)(1), holding that the firearm must be proved merely to have been in interstate commerce *at some time* in its history. *Id.* ("[W]e see no indication Congress intended to require any more than minimal nexus that the firearm have been, at some time, in interstate commerce.[2]"). Thus,

---

1. The Court orally noted the Defendant's objection to the denial in open court without the presence of the jury after reading the instructions to the jury. Previously, the Defendant sought to dismiss the indictment on the basis 18 U.S.C. § 922(g) is unconstitutional under *Lopez*. The Court denied the motion to dismiss by Order entered July 11, 1995. The rationale for denying the proposed instruction applies equally to the denial of the motion to dismiss, and the Court anticipates it will apply with equal force to any future motion for a new trial based upon the same contention.

2. The Supreme Court went on to state:
"Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred. Indeed, it was a close question in [*United States v.*] *Bass*, [404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971)] whether § 1202(a) even required proof of any nexus at all in individual cases. The only

it was clearly the law prior to *Lopez, supra,* that the gun must have traveled in interstate commerce only at some point in its history to invoke the jurisdiction of the statute.[3] The possession requirement was thus viewed as independent of the commerce nexus requirement.

Defendant argues the *Lopez* decision implicitly changes the law as expressed in *Scarborough* and ties the commerce nexus requirement to the possession requirement. *Lopez* addressed the constitutionality of 18 U.S.C. § 922(q)(2)(A), a statute making it unlawful to possess a firearm within a school zone:

> "(2)(A) It shall be unlawful for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone."

As is apparent and unlike section 922(g)(1), section 922(q)(2)(A) does not contain a nexus requirement between the crime and interstate commerce. The *Lopez* Court declared the "possession in a school zone" statute unconstitutional for three separate and distinct reasons: first, the Court concluded the statute did not regulate commerce;[4] second, § 922(q) does not contain the jurisdictional requirement of a nexus with interstate commerce;[5] and third, although it need not, Congress did not make legislative findings to support the conclusion possession of a gun within a school zone substantially affects interstate commerce.

Defendant argues the Supreme Court went much farther in *Lopez* than merely invalidating section 922(q) for lacking the commerce nexus. He contends the Court limited the holding in *Scarborough* in its discussion of the jurisdictional prerequisite. He cites to the following passages from *Lopez:*

> "Unlike the statute in *Bass,* [the predecessor to 18 U.S.C. 922(g)(1)], § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce." *Id.,* — U.S. at —, 115 S.Ct. at 1631, 131 L.Ed.2d at 639.

> \* \* \* \* \* \*

> "[T]here is no indication that [Defendant] had recently moved within interstate commerce, and there is no requirement that his possession of a the firearm have any concrete tie to interstate commerce." *Id.,* — U.S. at —, 115 S.Ct. at 1634, 131 L.Ed.2d at 643.

He suggests the foregoing passages mandate a jurisdictional prerequisite that includes a relationship between *the possession of the gun* and its recent movement in interstate

---

reason we concluded it did was because it was not 'plainly and unmistakenly' clear that it did not. 404 U.S., at 348, 92 S.Ct., at 523. But there is no question Congress intended no more than a minimal nexus requirement."

**3.** *See generally, United States v. Presley,* 52 F.3d 64, 67 (4th Cir.1995) ("To discover whether a statute is within Congress' authority to legislate under the Commerce Clause, the question we must ask is merely whether Congress could reasonably find that the class of regulated activity affects interstate commerce. *Perez v. United States,* 402 U.S. 146, 150–54, 91 S.Ct. 1357, 1359–62, 28 L.Ed.2d 686 (1971). The federal statute criminalizing the possession of a firearm by a felon does not violate the Commerce Clause because sufficient nexus exists between the harm of firearms and interstate concerns. *See Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1971) (minimal nexus is all that is necessary to meet interstate commerce requirement for conviction under predecessor to current felon-in-possession statute).").

**4.** The Supreme Court stated:

> "Section 922(q) is a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms. Section 922(q) is not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the interstate activity were regulated. It cannot therefore be sustained under our cases upholding regulations of activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce." *Id.,* — U.S. at — – —, 115 S.Ct. at 1630–31, 131 L.Ed.2d at 638–39.

**5.** The Supreme Court stated: "[Section 922(q)(1)(A)] neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." *Id.,* — U.S. at —, 115 S.Ct. at 1626, 131 L.Ed.2d at 632.

commerce, and not simply between *the gun* and interstate commerce alone.

Defendant suggests because the terms "firearm possessions" and "possession of the firearm" are used in the same sentence with the adjectives "explicit" and "concrete," which are used to describe the interstate commerce nexus, such usage somehow realigns the traditional nexus of firearm movement in interstate commerce to mandate a broader nexus of possession of gun and interstate commerce.

As the Government points out, the reported cases addressing the issue raised by the Defendant clearly disagree with the proposition *Lopez* made a fundamental change in the required commerce nexus. For example, in the only decision on point in this Circuit, the district court for the Middle District of North Carolina denied a motion to dismiss an indictment based upon the constitutionality of § 922(g), stating:

"[Section] 922(g)(1), like § 922(q), is a criminal statute that by its terms has nothing to do with interstate commerce or any sort of economic enterprise. However, unlike § 922(q), § 922(g)(1) has an express jurisdictional element which requires that the possession of a firearm or ammunition by the felon be 'in or affecting commerce. In *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the Supreme Court noted that while *Bass* interpreted the possession component of § 1202(a) [the predecessor of § 922(g) ] to require an additional nexus to interstate commerce, 'it was unnecessary ... to decide what would constitute an adequate nexus with commerce.' *Id.* at 568, 97 S.Ct. at 1966. Subsequently, the Court held that for prosecutions under 18 U.S.C. § 1202(a), proof that the possessed firearm previously traveled at some time in interstate commerce was sufficient to satisfy the statutorily required nexus between possession and commerce. *Id.* at 575, 97 S.Ct. at 1969. In light of the *Lopez* Court's citation to *Bass*, it appears that the *Lopez* decision was not intended to overrule the *Bass* and *Scarborough* line of cases." (footnotes omitted). *United*

States v. Brown, 893 F.Supp. 11, 12, 1995 WL 416056, *2 (M.D.N.C.1995).

In *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995) the Court of Appeals for the Ninth Circuit reaffirmed the constitutionality of § 922(g) and cited *Scarborough* for support. The Court concluded the facts that the gun in question had once been in Nevada and was thereafter discovered on the person of the defendant in California were deemed to constitute an adequate nexus between the gun and interstate commerce to sustain the defendant's conviction. *Id.* In footnote 2 the *Hanna* Court stated:

"We have read and considered *United States v. Lopez*, [*supra* ], holding 18 U.S.C. § 922(q) to be unconstitutional on Commerce Clause grounds, but it does not alter our analysis. The Supreme Court distinguished § 922(q) from 18 U.S.C. app. § 1202(a), the predecessor of § 922(g), stating '§ 922(q) contains no jurisdictional element which would ensure, through a case-by-case inquiry, that the firearm possession in question affects interstate commerce.' *Id.* at ——, 115 S.Ct. at 1625. Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause." *Id.*

*See also United States v. Oliver*, 60 F.3d 547, 549–50 (9th Cir.1995) (Title 18 U.S.C. § 2119 (carjacking statute) held constitutional under the commerce clause because, *inter alia*, jurisdictional prerequisite nexus to interstate commerce is expressed in the statute).

Similarly, in *United States v. Campbell*, 891 F.Supp. 210 (M.D.Pa.1995), the district court for the Middle District of Pennsylvania was faced with an argument similar to the one made by the instant Defendant and concluded *Lopez* did not alter the standard set by *Scarborough*:

"[T]he defendant contends *Lopez* applies here because a felon in possession of a handgun has as much an effect on interstate commerce as a person in possession of a handgun in a school zone.

"This argument fails because it does not take into account the [*Lopez* ] Court's second reason for striking down section

922(q)(1)(A)—the section did not require the government to show as an element of the offense that the firearm affected interstate commerce. Significantly, the Court cited in support of this reason the predecessor section to section 922(g)(1), and as noted above, section 922(g)(1), like its predecessor, contains no jurisdictional element. Because sections 922(g)(1) and 922(q)(1)(A) are different in this material respect, *Lopez* cannot control here.

"The defendant's motion is actually governed by *Scarborough v. United States*, [*supra*]. In *Scarborough*, the Court held that section 1202(a)'s statutory requirement of a nexus to interstate commerce was satisfied by showing that the firearms at issue there had at some point traveled in interstate commerce. This was also a sufficient showing to satisfy the commerce clause. *Id.* at 575 n. 11, 97 S.Ct. at 1969 n. 11, 52 L.Ed.2d at 591 n. 11. The courts of appeals have also understood the *Scarborough* holding as not just an interpretation of a statutory condition but also as an expression of commerce clause requirements." *Id.*, 891 F.Supp. at 212.

In *United States v. Cole*, 1995 WL 375833, *2 (E.D.Pa.1995), the district court for the Eastern District of Pennsylvania stated:

"The 'affecting commerce' element can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce. [*Bass, supra.*] However, it is not necessary . . . for the government to prove that the felon crossed state lines with the firearm. [*Scarborough, supra.*] 'It is the movement of the firearm which has the affect upon interstate commerce, and not the activity of the person in whose possession it is later found.' *United States v. Bumphus*, 508 F.2d 1405, 1407 (10th Cir.1975). The relationship between the possession of a firearm and interstate commerce can also be

proven if the gun was manufactured in another state."

*See also United States v. Mosby*, 60 F.3d 454, 456 (8th Cir.1995) ("Although the recent Supreme Court decision in [*Lopez*] limits Congress's exercise of its commerce power, that power remains broad enough to support application of § 922(g)[.]"); *United States v. Tripp*, 1995 WL 417591, *3 (N.D.Ill.1995) ("[T]he fact that the possessed firearm travelled in interstate commerce is sufficient to satisfy the Commerce Clause.").

Significantly, the only two decisions by our Court of Appeals addressing the commerce nexus requirement of § 922(g) since *Lopez*, although not addressing *Lopez*'s impact upon § 922(g), have relied upon *Scarborough*'s minimal standard. *United States v. Blackwell*, 60 F.3d 825 (Table), 1995 WL 417594, *1 (4th Cir.1995) ("As to the interstate commerce element, the Government had only to prove that the firearm had travelled in foreign or interstate commerce at some point in the past."); *United States v. Johnson*, 55 F.3d 976, 979–80 (4th Cir.1995).

The Court regards the Supreme Court's holding in *Lopez* as a significant decision in commerce clause jurisprudence. Nonetheless, *Lopez* did not address, even remotely, the issue presented here, *i.e.*, whether the interstate commerce nexus with the firearm includes an added nexus to the possession of the gun. The Court will not discard *Scarborough* and its progeny based upon the strained and tenuous interpretation of *Lopez* projected by the Defendant.[6]

The Court concludes the minimal nexus requirement between the gun and interstate commerce as recognized by *Scarborough* was not altered by *Lopez*. The interstate commerce requirement in 18 U.S.C. § 922(g) may be satisfied by showing that the firearm or ammunition traveled, at some point in its history, in interstate or foreign commerce. That nexus does not require an added connection between the defendant's possession

---

6. As stated by the district court in *Campbell*, 891 F.Supp. at 212:

"[I]t may well be that *Lopez* signals an important change in the Supreme Court's commerce-clause jurisprudence, but in light of

*Scarborough*, we have no authority to initiate that change ourselves in relation to section 922(g)(1). *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526, 536 (1989)."

of the firearm or ammunition to interstate commerce. Defendant's proposed jury instruction is therefore **DENIED** and rejected.[7]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**7.** The Defendant was convicted of violating § 922(g) by a jury on July 19, 1995.