**UNITED STATES of America, Appellee,**

v.

**Elbert RANKIN, Appellant.**

**No. 95–1406.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1995.

Decided July 28, 1995.

Brian Witherspoon, Asst. Federal Public Defender, St. Louis, MO, argued, for appellant.

Joseph M. Landolt, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

Elbert Rankin was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (1988) and of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (1988). He appeals his convictions and sentence, arguing that the District Court[1] erred (1) in refusing to compel the presence of witnesses subpoenaed by the appellant to establish that he was framed or to grant a continuance to secure their presence, (2) in assessing a two-level upward adjustment for obstruction of justice based on his perjury at trial, and (3) in accepting the presentence report determination that Rankin had the ability to pay a fine and in assessing a $900 fine.

Having considered the issues raised in Rankin's brief, we conclude that none of them has merit, and that an opinion would lack precedential value. Accordingly, we forego further discussion of these issues. *See* 8th Cir.R. 47B.

We also here consider Rankin's motion, filed shortly before oral argument, to dismiss the 18 U.S.C. § 922(g)(1) charges for lack of subject-matter jurisdiction. The motion relies on the holding of the Supreme Court in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). *Lopez* invalidated 18 U.S.C. § 922(q) (Supp.1993),[2] "a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." *Lopez,* —— U.S. at ——, 115 S.Ct. at 1630–31. Section 922(g)(1), on the other hand, clearly is tied to interstate commerce, and Rankin's barebones motion makes no showing that the sawed-off shotgun or the ammunition involved in his convictions lacks the requisite nexus with interstate commerce. To the contrary, the government's evidence shows that the shotgun was manufactured in Ithaca, New York, and that the ammunition was manufactured in East Alton, Illinois. Rankin was arrested in possession of the shotgun and ammunition in St. Louis, Missouri. Rankin's motion to dismiss for lack of subject-matter jurisdiction is without merit and is denied.

AFFIRMED.

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

2. *Not* § 922(g) as misstated in Rankin's motion.