**UNITED STATES of America**

v.

**Robert L. BELL, Jr.**

**No. 3:91–00196.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 14, 1995.

Deborah Phillips, Asst. U.S. Atty., for plaintiff.

Buford Bates, Nashville, TN, for defendant.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court is Defendant's Motion to Dismiss an Unconstitutional Penal Statute (Doc. No. 117). Upon review of the record and for the reasons stated below, the Court denies the Motion.

## I. BACKGROUND

Defendant, Robert L. Bell, Jr., seeks a dismissal of Count Three of his indictment for convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant argues § 922(g) is an unconstitutional exercise of Congress' Commerce Clause power, relying in chief on the Supreme Court's recent decision in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Defendant maintains that *Lopez* heralds a shift in Commerce Clause jurisprudence. According to Defendant, *Lopez* stands for the proposition that "Congress may only act when a law would control an activity which 'substantially effects' interstate commerce." (Def.Mot. at 3).

Defendant analogizes the statute at issue in *Lopez* with § 922(g), the statute under which he was convicted. He maintains that "[t]he charge in this case and the statute in this case simply prohibits a felon from possessing a firearm." *Id.* at 4. Thus, Defendant concludes that § 922(g) is an unconsti-

tutional attempt by Congress to intervene in an area reserved for state regulation.

## II. DISCUSSION

The decision in *Lopez* has generated a rash of challenges to the constitutionality of § 922(g). To date, every court that has addressed the question of § 922(g)'s constitutionality in light of *Lopez* has upheld the statute as a valid exercise of Congress' power under the Commerce Clause. *See United States v. Hanna,* 55 F.3d 1456 (9th Cir., 1995); *United States v. Tripp,* 1995 WL 417591, 1995 U.S.Dist. LEXIS 9765 (N.D.Ill., 1995); *United States v. Cole,* 1995 WL 375833, 1995 U.S.Dist. LEXIS 8594 (E.D.Penn., 1995) and; *United States v. Campbell,* 891 F.Supp. 210 (M.D.Penn., 1995). The Court joins this line of cases and holds that § 922(g) is constitutional.

In *Lopez* the Supreme Court addressed the Gun–Free School Zones Act of 1990, 18 U.S.C. § 922(q), in which Congress made it a federal offense "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." The Court identified three categories of activity in which Congress may regulate under its commerce power, the relevant one in *Lopez* being the power of Congress to regulate those activities having a substantial relation to interstate commerce, i.e. those activities that substantially affect interstate commerce. *Id.* at ——, 115 S.Ct. at 1629–30 (citations omitted). The Court determined § 922(q) was unconstitutional because it did not fall within Congress' Commerce Clause authority in that the statute was not limited in application to address only those firearms possession cases that have an explicit connection with or effect on commerce. *Id.* at ——, 115 S.Ct. at 1631. Essentially, the Court found that § 922(q) was a criminal statute that had nothing to do with commerce or any other economic enterprise. *Id.* at ——, 115 S.Ct. at 1630–31. As such, the statute impermissibly infringed on those activities reserved for state regulation. However, the determination that § 922(q) is unconstitutional does not effect the legality of § 922(g). The differences inherent in the two statutes is significant enough to distin-

guish § 922(g) from § 922(q). § 922(g) provides in relevant part "[i]t shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to possess in or affecting commerce, any firearm or ammunition; ..." In *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), the Supreme Court reviewed 18 U.S.C. § 1202(a), the predecessor statute to § 922(g). § 1202(a) made it a crime for a felon to "receive, possess, or transport in commerce or affecting commerce" any firearm. The *Bass* Court interpreted the statute such that the limiting term "in commerce or affecting commerce" applied to all three offenses. The Court then concluded that the limiting effect of such an interpretation rendered the statute constitutional under Congress' Commerce Clause power.

In *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977) the Supreme Court further reviewed the predecessor statute and determined that the required nexus between possession of the firearm and interstate commerce need only be minimal. *Id.* at 563, 97 S.Ct. at 1963. It was sufficient that the firearm had, at some time, travelled in commerce. *Id.*

Section 922(q), unlike § 922(g), contained no limiting language restricting its application to those offenses that were "in commerce or affecting commerce." Moreover, in *Lopez* the Supreme Court reviewed its decision in *Bass* and cited with approval its analysis of the constitutionality of the predecessor statute to § 922(g)[1]:

> [Section] 922(q) contains no jurisdictional element that would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce.... Unlike the statute in *Bass,* § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce. —— U.S. at ——, 115 S.Ct. at 1631.

Thus, the Supreme Court itself distinguished § 922(q) from § 1202(a), the predecessor statute § 922(g). It identified the key distinction between the two statutes: § 922(g) *does* provide the requisite jurisdictional limitation that allows a case-by-case inquiry as to whether the particular firearm at issue affects interstate commerce.

Defendant contends that *Lopez* has changed Commerce Clause jurisprudence to the extent that it now requires a showing that the regulated activity "substantially affects" interstate commerce. It is true that the *Lopez* Court held "[w]e conclude, consistent with the great weight of our case law, that the proper test requires an analysis of whether the regulated activity 'substantially affects' interstate commerce." 115 S.Ct. at 1630. Nevertheless, the Court went on to identify the fatal flaw of § 922(q) as the fact that, by its terms, the statute did not limit its application only to those cases where firearm possession affects interstate commerce. *Id.* at ——, 115 S.Ct. at 1631. 18 U.S.C. § 922(g) does not suffer from that infirmity, therefore the statute is constitutional.

The Court is in accord with *United States v. Campbell,* 891 F.Supp. 210 (M.D.Penn., 1995), where the District Court prudently observed: "It may well be that Lopez signals an important change in the Supreme Court's commerce-clause jurisprudence, but in light of *Scarborough,* we have no authority to initiate that change ourselves in relation to section 922(g)(1)." *Id.* at 212 (citation omitted).

### III.  CONCLUSION

Accordingly, because 18 U.S.C. § 922(g) contains a jurisdictional element limiting the statute's application to those cases that contain the requisite nexus between the firearm and interstate commerce, the statute is readily distinguishable from § 922(q). Consequently, the Court finds § 922(g) constitutional.

---

1.  While *Bass* discussed the predecessor statute § 1202(a), the jurisdictional requirement of "in commerce or affecting commerce" remains consistent in the successor statute § 922(g).