UNITED STATES of America, Plaintiff,

v.

George SNOW, Defendant.

No. 93–CR–121L.

United States District Court,
W.D. New York.

Oct. 5, 1995.

William Clauss, Federal Public Defender, Rochester, NY, for defendant.

Christopher V. Taffe, United States Attorney Office, Rochester, NY, for plaintiff.

### *DECISION AND ORDER.*

LARIMER, District Judge.

Defendant, George Snow, is charged in a two-count indictment with violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a convicted felon "to ship or transport in inter-

---

state or foreign commerce, or possess in or affecting commerce, any firearm or ammunition ..." Defendant has moved to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional.

In support of his motion, defendant relies principally on the Supreme Court's recent decision in *United States v. Lopez,* — U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), which held that the Gun–Free School Zones Act, 18 U.S.C. § 922(q), exceeded Congress's authority to legislate under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3.

Section 922(q) made it a federal offense "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." The Court based its holding on its conclusion that "[t]he Act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." *Lopez,* — U.S. at ——, 115 S.Ct. at 1626.

Several reported cases have addressed the constitutionality of § 922(g)(1) in light of the *Lopez* decision, and they have uniformly held that it passes constitutional muster. In *United States v. Rankin,* 64 F.3d 338 (8th Cir.1995), the Eighth Circuit held that unlike § 922(q), § 922(g)(1) "clearly is tied to interstate commerce ..." 64 F.3d at 339. The Ninth Circuit has likewise held that "the statute is a valid exercise of Congress' commerce authority ..." *United States v. Collins,* 61 F.3d 1379, 1384 (9th Cir.1995). *See also United States v. Johnson,* 55 F.3d 976, 979–80 (4th Cir.1995) (upholding constitutionality of § 922(g) under Commerce Clause, though not expressly addressing *Lopez* ); *United States v. Bishop,* 66 F.3d 569 (3d Cir.1995) (holding that carjacking statute with jurisdictional element similar to that in § 922(g) is constitutional).

In addition to these Courts of Appeals decisions, many district courts have also rejected constitutional challenges to § 922(g) following *Lopez.* *See United States v. Williams,* 893 F.Supp. 617, 621–22 (S.D.W.Va.1995); *United States v. Brown,* 893 F.Supp. 11, 12 (M.D.N.C.1995); *United States v. Campbell,* 891 F.Supp. 210, 212 (M.D.Pa.1995); *United States v. Taylor,* 897 F.Supp. 1500, 1503 (D.Conn.1995); *United States v. Bell,* 897 F.Supp. 1039, 1039 (M.D.Tenn.1995); *United States v. Edwards,* 894 F.Supp. 340, 343 (E.D.Wisc.1995); *United States v. Tripp,* No. 94 CR 0567, 1995 WL 417591 *3 (N.D.Ill. July 13, 1995); *United States v. Cole,* Crim. No. 89–322, 1995 WL 375833 *2 (E.D.Pa. June 16, 1995); *United States v. Hart,* 895 F.Supp. 189 (N.D.Ohio 1995). Defendant has not cited, and the court has not found, a single case holding to the contrary.

The reason that *Lopez* does not require a finding that § 922(g)(1) is unconstitutional was in fact identified by the *Lopez* Court itself. The Supreme Court noted that in *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), it had held that former 18 U.S.C. § 1202(a) (the predecessor statute to § 922(g)), which had an interstate-commerce element almost identical to that of § 922(g), required a showing of a nexus between the possession of the firearm and interstate commerce. The *Lopez* Court stated that "[u]nlike the statute in *Bass,* § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce." *Lopez,* — U.S. at ——, 115 S.Ct. at 1631.

The requirement of § 922(g) that the defendant's possession of the firearm or ammunition must have been "in or affecting commerce," then, supplies the critical element that rendered § 922(q) constitutionally infirm in *Lopez.* Prior to *Lopez,* concerning § 922(g) violations, it was well-established that this interstate-commerce element is an element of the offense that the Government must prove at trial. *Bass,* 404 U.S. at 350, 92 S.Ct. at 523; *United States v. Jones,* 16 F.3d 487, 491 (2d Cir.1994); *United States v. Carter,* 981 F.2d 645, 648 (2d Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1827, 123 L.Ed.2d 456 (1993).

Nothing in *Lopez,* then, calls into question the continuing validity of *Bass* or of *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), which held that the predecessor to § 922(g) satisfied the

Commerce Clause because it required that the firearm had traveled in interstate commerce.[1] Applying *Scarborough,* the Second Circuit has held that § 922(g)(1) is constitutionally sound. *United States v. Sanders,* 35 F.3d 61, 62–63 (2d Cir.1994); *Carter,* 981 F.2d at 647. The *Lopez* decision does not mandate a different result.

## CONCLUSION

Defendant's motion to dismiss the indictment is denied.

IT IS SO ORDERED.

---

1. While the Court in *Bass* held that § 1202(a) contained an interstate-commerce nexus, it was not until *Scarborough* that the Court was faced with the question of what would constitute an adequate nexus.