UNITED STATES of America,
Appellee,

v.

Eric CARTER, Appellant.

No. 01–1556.

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 11, 2001.

Filed: Oct. 31, 2001.

Rehearing and Rehearing En Banc
Denied: Dec. 13, 2001.

Randall C. Cahill, St. Louis, MO, for appellant.

Patrick T. Judge, Asst. U.S., Atty., St. Louis, MO, for appellee.

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

BYE, Circuit Judge.

Eric Carter (Carter) was convicted of one count of possessing more than five grams of cocaine base with the intent to distribute it in violation of 21 U.S.C. § 841(a), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Carter appeals both the convictions and sentences on various grounds. He argues that the evidence was insufficient to support either conviction; that his sentence on the cocaine count violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); that the indictment was deficient for failing to allege his status as a prior drug offender; that the indictment on the firearms charge was deficient for failing to allege a penalty provision; and that 21 U.S.C. § 851(e) is unconstitutional. We affirm both the convictions and sentences.

I

Following an investigation into possible drug-related activities linked to Carter's residence, police obtained a search warrant and searched the premises. Carter was arrested after the search uncovered approximately 17 grams of cocaine base, $6,985 in currency, and a loaded .380 caliber handgun. The cocaine base was found

in the pocket of a coat hanging on a rack in the upstairs portion of the home. The currency was found in the pocket of another coat hanging on the same rack only inches from the first. The handgun was found in one of several boxes stored upstairs.

Carter admitted living in the house, and police found bills for utility services provided to the residence in Carter's name. Carter's brother, Harold Carter, and Carter's nephew, Rolando Carter, testified at trial that Carter lived alone in the residence and stored his personal belongings in the upstairs portion of the residence. Other witnesses testified that Carter admitted ownership of the currency, handgun and other items of personal property discovered upstairs. At trial, the parties stipulated that 17–18 grams of cocaine base is an amount greater than for one's personal use and is indicative of drug distribution. The parties further stipulated that Carter had been convicted of one or more felonies. Carter was convicted of both counts, and sentenced to 130 months on the possession with intent to distribute count, and 120 months on the firearms count, to be served concurrently.

## II

### A. Sufficiency of the Evidence

■■■ Carter asserts that the evidence was insufficient to convict him of either crime. When determining whether the evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences. *United States v. Calderin–Rodriguez*, 244 F.3d 977, 983 (8th Cir.2001). Reversal is required only when no reasonable jury could have found a defendant guilty beyond a reasonable doubt. *Id.* "[T]he standard to be applied to determine the sufficiency of the evidence is a strict one, and the finding

of guilt should not be overturned lightly." *Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir.1996) (quoting *United States v. Brown*, 921 F.2d 785, 791 (8th Cir.1990)).

■■■ We have reviewed the record and find sufficient evidence to support Carter's conviction for possession of cocaine base with intent to distribute. Police conducting surveillance of Carter's residence observed numerous people enter and exit in a manner consistent with the sale of drugs. The evidence established that Carter lived alone in the residence and stored his personal belongings in the upstairs portion of the house where the drugs and weapon were discovered. Carter admitted owning the currency discovered in the pocket of a coat hanging only inches from a second coat in which the cocaine was discovered. Witnesses testified he also admitted to owning the weapon. Finally, Carter stipulated that 17–18 grams of cocaine is an amount greater than for one's personal use, and is indicative of drug distribution. We find the evidence more than sufficient to support Carter's conviction on this count. *See United States v. McMurray*, 34 F.3d 1405, 1412 (8th Cir.1994) (holding that for evidence to be sufficient it need not eliminate every possibility that the defendant is innocent).

■■■ We similarly find sufficient evidence to support Carter's conviction on the firearms count. Carter argues the government failed to prove the handgun had been transported in interstate commerce. The government, however, presented testimony from a firearms expert showing that information stamped on the gun identified its place of manufacture as Mira Lona, California. Proof that a firearm was manufactured in one state and recovered in another satisfies the interstate commerce element. *See United States v. Rankin*, 64 F.3d 338, 339 (8th Cir.1995) (per curiam)

(finding that the government's evidence that a sawed off shotgun possessed by felon in Missouri was manufactured in New York satisfied § 922(g)(1)'s interstate commerce nexus). To satisfy the interstate commerce element of § 922(g), it is sufficient that there exists "the minimal nexus that the firearm have been, at some time, in interstate commerce." *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977); *see also Rankin,* 64 F.3d at 339.

■ Carter argues that the expert's testimony was inadmissible because the information stamped on the gun was hearsay. But, Carter's trial counsel failed to object to the expert's testimony. "The rule is well settled in this circuit that for an objection to be timely it must be made at the earliest possible opportunity after the ground of objection becomes apparent, or it will be considered waived." *Terrell v. Poland,* 744 F.2d 637, 638–39 (8th Cir. 1984). "To preserve error for appellate review, a timely objection must be made." *See United States v. Solomonson,* 908 F.2d 358, 362 (8th Cir.1990) (citing Fed.R.Evid. 103(a)(1)). Therefore, any objection on the basis of inadmissible hearsay has been waived. *Id.*

■ Further, even assuming the stamped information was hearsay, Rule 703 of the Federal Rules of Evidence permits experts to rely upon inadmissible facts or data in forming opinions or inferences, if of a type reasonably relied upon by experts in a particular field. Absent any evidence to the contrary, we are satisfied that the information stamped on the handgun showing the place of manufacture is data of a type reasonably relied upon by firearms experts. *Cf. United States v. Maddix,* 96 F.3d 311, 315–16 (8th Cir.1996) (holding that a firearms expert properly relied upon, among other evidence, information stamped on a revolver identifying the manufacturer and place of manufacture, to establish the weapon had traveled in interstate commerce).

■ Carter also argues that the evidence regarding his status as a felon was insufficient to support the firearms conviction. He argues that the evidence of recidivism was presented by stipulation, but the government was required to prove one or more specific felonies. Carter's argument is without merit. The government is only required to prove the existence of a prior felony conviction. *See* 18 U.S.C. § 922(g)(1). Moreover, the government is precluded from disclosing to the jury the exact number or nature of previous felony convictions. *See Old Chief v. United States,* 519 U.S. 172, 190–92, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (requiring the government to enter into a general stipulation concerning a defendant's criminal history to avoid undue prejudice from unnecessarily presenting evidence of the specific number and nature of felony convictions). The defendant cannot force the government into a general stipulation, and then seek to penalize it for abiding by the stipulation.

## B. *Apprendi*

■ Carter argues his 130–month sentence on the possession with intent to distribute count violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his prior drug felony, which was not submitted to the jury as an element of the offense, increased the sentencing range to which he was exposed. In *Apprendi,* the Supreme Court held that any fact, other than a previous conviction, which serves to increase a sentence beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 488, 120 S.Ct. 2348. Therefore, it is unnecessary to submit evidence of recidivism to the jury. Moreover,

the 130–month sentence imposed is less than the 40–year maximum sentence allowable under 21 U.S.C. § 841(b)(1)(B)(iii). Therefore, the sentence does not violate *Apprendi. Cf. United States v. Aguayo–Delgado,* 220 F.3d 926, 933 (8th Cir.2000).

## C. Sufficiency of the Indictment

█ Carter argues the indictment charging him with cocaine possession was insufficient because it failed to allege his status as a prior drug offender. This argument is without merit. *Almendarez–Torres v. United States,* specifically approves Congress's use of "the prior commission of a serious crime as a sentencing factor which may subject a defendant to a higher statutory maximum penalty *even if it is not charged in the indictment* or proved to the jury." 523 U.S. 224, 230, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (emphasis added); *see also United States v. Phipps,* 259 F.3d 961, 963 (8th Cir.2001).

█ Carter also argues that the indictment was insufficient because it did not include any allegation setting out the penalties he faced for violating 18 U.S.C. § 922(g)(1). Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that "[t]he indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the *offense* charged." (emphasis added). The indictment "shall state the *statute, rule, regulation* or other provision of law which the defendant is alleged therein to have *violated.*" *Id.* (emphasis added). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *See United States v. Wessels,* 12 F.3d 746, 750 (8th Cir.1993) (citing *United States v.*

*Young,* 618 F.2d 1281, 1286 (8th Cir.1980)). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id.* Although the sufficiency of an indictment is a jurisdictional issue which may be considered at any time, Fed. R.Crim.P. 12(b)(2), when an indictment is challenged for the first time after a verdict, it will be liberally construed in favor of sufficiency. *United States v. Joseph,* 781 F.2d 549, 554 (6th Cir.1986). We will not reverse absent prejudice unless the indictment cannot, within reason, be construed to charge a crime. *Id.* We have reviewed the indictment and find it properly informed Carter of the charges against him, because it alleged sufficient information to allow him to plead a conviction or acquittal as a bar to a subsequent prosecution. We therefore reject Carter's claims that the indictment was insufficient.

## D. 21 U.S.C. § 851(e)—Constitutionality

█ Carter's final claim of error is that 21 U.S.C. § 851(e)'s statute of limitations provision is unconstitutional. Section 851(e) precludes a defendant from challenging the validity of a prior conviction used to enhance a sentence if the conviction is over five years old. Carter argues that evidence of recidivism, as with drug quantities, should be subject to proof beyond a reasonable doubt. The constitutionality of § 851(e) has been upheld in this as well as other circuits. *See United States v. Prior,* 107 F.3d 654, 660 (8th Cir.1997) ("We agree with the conclusion of our sister circuits that '[s]ection 851(e) is wholly reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision. Accordingly, we join those circuits that have

held that section 851(e) does not violate due process or equal protection ....' '') (internal citations omitted). Thus we reject Carter's constitutionality challenge.

### III

We affirm Carter's convictions and sentences in all respects.